**Manuel GALVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43171.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Jan. 13, 1971.

Pete Perez, Fort Worth, for appellant.

Ed Paynter, Dist. Atty., Joe L. Guyton, Asst. Dist. Atty., Abilene and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for burglary of a private residence at night with intent to commit rape. The punishment was assessed by the court at twenty years.

The sufficiency of the evidence is challenged.

The 72-year-old prosecutrix lived with her 92-year-old mother. Appellant lived nearby. He was seen near the home of prosecutrix just before midnight on the

night in question. At 1:00 a. m. a man tore a screen, broke the window and entered the home of the two women. The prosecutrix and her mother testified that the man was a Latin American and looked exactly like appellant. After the man entered the house he hit prosecutrix with a broom handle that one of the women had used as a walking stick. The prosecutrix had a broken wrist along with many other injuries. The man also hit the mother with the stick and inflicted serious injuries upon her.

After the prosecutrix was knocked unconscious, he dragged her outside. When she came to her senses she was lying on her back with the man holding her. The man pulled up her dress, grabbed her about the crotch, kissed her and asked her if she wished to have sexual relations with him. Due to her semi-conscious condition, prosecutrix did not know whether the assailant tried further. The prosecutrix was thereafter dragged back inside the house.

Police were not summoned until approximately 7:00 a. m., because the telephone lines had been cut, and because the intruder told the prosecutrix that he would kill them if they left the house.

The record shows that the two women did their own housework. They did not know appellant and there is no showing that he had been in the home previously.

A palm print was lifted from the kitchen stove and was later compared with appellant's known palm print, and the proof shows that the prints were of the same person.

The evidence shows a breaking and entering of the house without consent. There was sufficient evidence from the statements and by the assault upon prosecutrix by the assailant for the jury to conclude that the entry was with intent to commit rape.

In his first ground of error, the appellant complains that the trial court erred in admitting into evidence the transcript of testimony of the prosecutrix given at the prior trial. It is contended that a proper predicate was not laid for its introduction and that the appellant was denied his constitutional rights of cross-examination and confrontation.

It was shown through a testimony of a physician that the prosecutrix was hospitalized with a mild stroke on the evening of the first day of this trial. The doctor further testified that she was not physically able to attend the trial and would not be able to do so in the foreseeable future. On cross-examination he testified that if she progressed satisfactorily she might possibly be in a condition to testify within a month or six weeks.

The court reporter who took the testimony at the first trial identified the transcript and swore that it was a complete and accurate rendition of the testimony. The former testimony was thereafter admitted and read into evidence over appellant's objections.

"Statements made in evidence upon a previous judicial proceeding may be received upon a subsequent trial as evidence of the truth of such statements where the witness who gave the evidence upon the former hearing is now dead or unavailable, provided the party against whom the evidence is now offered had the opportunity to cross-examine the witness at the former trial upon the same issue as that upon which the evidence is now offered." 1 McCormick & Ray, Texas Law of Evidence, Section 941 (2d ed. 1956).

Article 39.01, Vernon's Ann.C.C.P., specifically provides that where, because of age or bodily infirmity, such witness cannot attend, the testimony at the former trial is admissible where such was taken at any prior trial of the defendant for the same offense.

The State proved all necessary prerequisites to the introduction of the former testimony. McCormick & Ray, Texas Law of

Evidence, 2d, Section 947. Further, appellant's contention that he was denied the rights of confrontation and cross-examination is without merit, it appearing that appellant's attorney, who represented him at both trials, made an exhaustive cross-examination of the prosecutrix at the first trial.

Appellant's first ground of error is overruled.

■ In his second ground of error, the appellant contends that reversible error was committed when the court admitted into evidence the transcript of the prosecutrix's testimony from the previous trial and that the court should have ordered the State to produce the testimony to appellant prior to trial pursuant to the motion of discovery.

Appellant and his counsel had heard the testimony and knew what the evidence would be long before it was introduced.

Appellant relies upon Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. This was an Oklahoma conviction where the principal evidence against Barber at the trial consisted of reading the transcript of the preliminary hearing testimony of a witness who was at the time of the trial incarcerated in a federal prison in Texas. The witness was not present to testify in person, because the prosecution had not attempted to seek his presence. The court reversed that case because Barber's right to confrontation had been violated.

The facts in the present case are distinguishable and they show that the prosecutrix was unavailable, and it could not be determined when or if she would ever be available as a witness. Barber v. Page, supra, is not controlling.

No error is shown. The second ground of error is overruled.

■ Appellant next complains that the trial court erred in failing to give a charge

on circumstantial evidence. Though appellant was never unqualifiedly identified as the party who assaulted the prosecutrix, appellant's palm print was found inside the prosecutrix's home where he apparently had never been before or had a right to be. In Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211, this Court held that fingerprints alone were sufficient to support a conviction:

"Our investigation leads us to conclude that where the evidence, as here, shows the finger print found at the scene of the crime was left there by the criminal at the time the crime was committed, thereby excluding the hypothesis that it might have been placed there innocently prior to or subsequent to the commission of the crime, and the evidence further shows that said print is identical with known prints of accused, that such evidence satisfied the law and excludes every reasonable hypothesis save guilt of the accused."

The same rule applies to palm prints. See 28 A.L.R.2d, Section 1, pp. 1115, 1117, and the cases cited.

The facts in this case are in such close relation to the main fact to be proved as to constitute direct evidence and renders a charge on circumstantial evidence unnecessary. See Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341, and Leal v. State, Tex.Cr.R., 442 S.W.2d 736.

The third ground of error is overruled.

■ In his fourth ground of error, appellant complains of the trial court's refusal to grant his first motion for continuance. Since the motion was not sworn to by the defendant himself, as required by Article 29.08, V.A.C.C.P., it is not before this Court for review. McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521, cert. denied 352 U.S. 902, 77 S.Ct. 268, 1 L.Ed.2d 114.

It is contended the refusal to grant the continuance so that appellant's counsel could be in federal court in Del Rio pre-

vented him from establishing his defense. Even if the matter were properly before us, we know of no rule that requires an automatic continuance because some sort of hearing involving counsel for the accused has been set in a federal court. To support his application for continuance appellant's counsel attached a notice that a case was set in federal court and the notice was addressed to counsel as surety on the bond of the accused and not as counsel.

In his fifth ground of error, appellant claims reversible error in the court's failure to order the production of oral depositions of prosecutrix and her mother taken prior to trial.

The record reflects that a proper application was made to take the depositions and that they were taken, and appellant agreed to pay for them. At trial, the State waived any objections to the admission into evidence of the depositions and the trial court informed appellant that the depositions were available to him upon payment of the agreed fee. However, it appears that the only reason appellant did not get the depositions was that he refused to pay for them. There was no contention that appellant was unable to pay for them and there was no pauper's affidavit on file when they were denied. Further, appellant's counsel was present at the previous trial and when the depositions were taken, and he knew what the testimony had been. No error is shown. The fifth ground of error is without merit.

In his sixth ground of error appellant complains that the prosecutor made prejudicial arguments to the prospective jurors on voir dire examination and when he was stating the nature of the offense and what he expected to prove to the jury.

Assuming that the matter is properly before us, we have considered the statements of the prosecutor and the action by the court instructing the jury that the state-ments were not evidence and find no abuse of discretion or reversible error.

The evidence is sufficient to support the conviction.

The judgment is affirmed.