Charles Ray HEARN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44825.

Court of Criminal Appeals of Texas.

July 28, 1972.

Vern F. Martin, Midland, Thomas Rocha, Jr., San Antonio (on appeal only), for appellant.

James M. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

### ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

MORRISON, Judge.

The offense is burglary; the punishment, enhanced under Article 62, Vernon's Ann.P.C., is twelve (12) years.

The appellate record in this cause has now been corrected to reflect that this Court improvidently granted the State's motion to dismiss the appeal of this case. The appellant's motion to reinstate the appeal is granted and the appeal will now be considered. This Court's opinion of April 12, 1972, which is reported as Hearn v. State, 478 S.W.2d 467, is hereby withdrawn and the following substituted therefor.

The record reflects that the Ideal Cleaners in Midland was burglarized on October 12, 1970, and approximately $300 was taken from a safe inside the building. Appellant's fingerprint was found on the safe, facing upward, near the point where he gained entry to the safe and identified by fingerprint expert Henry Norton who testified that he found the print 21 inches from the floor. Testimony from Norton and fingerprint expert Lt. Roger Meurer indicated the print was put on the safe 10 to 24 hours prior to the time it was lifted. The State introduced exhibits depicting the inside of the cleaners and showed that a print could not be left on a safe, as appellant's was, without a person going behind the counter. John Adcock, the owner of the building, testified that the appellant had never worked for him. He also stated that someone using the restroom in the back of his establishment would have no reason to go near the safe and that the nearest someone could get to the safe while using the telephone was two feet away. He further testified that appellant, and two other men, had, on several occasions, waited outside his place of business for one of his female employees but he was positive that appellant had never been inside his establishment.

Adcock's wife and one of the employees testified that they had never seen the appellant prior to the trial. The State also called Vince Conklin, who testified that he met the appellant at approximately 9 P. M. on the evening of the burglary and that appellant displayed a cold chisel to him and

asked him what he thought of the instrument as a burglary tool.

Appellant did not testify in his own behalf but called one of the injured party's female employees who testified that she had seen appellant in the building sometime prior to the burglary but admitted that she had never seen him behind the counter where the safe was located.

Appellant's first three grounds of error relate to the sufficiency of the evidence. In his first and second grounds of error, he contends the court erred in failing to grant his motions for an instructed verdict, and in his third ground of error complains of the court's failure to charge on circumstantial evidence. We have examined the record and conclude there is ample evidence to submit the case to the jury. Appellant's first two grounds of error are overruled.

Appellant's complaint concerning the court's failure to charge on circumstantial evidence was answered adversely to him in Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211, where we held that a fingerprint alone was sufficient to support a conviction, stating:

"Our investigation leads us to conclude that where the evidence, as here, shows the finger print found at the scene of the crime was left there by the criminal at the time the crime was committed, thereby excluding the hypothesis that it might have been placed there innocently prior to or subsequent to the commission of the crime, and the evidence further shows that said print is identical with known prints of accused, that such evidence satisfied the law and excludes every reasonable hypothesis save guilt of the accused."

■ In the recent case of Galvan v. State, Tex.Cr.App., 461 S.W.2d 396, we cited Grice, supra, with approval and concluded, as we do here, that:

"The facts in this case are in such close relation to the main fact to be proved as to constitute direct evidence and renders a charge on circumstantial evidence unnecessary . . ."

Appellant's third ground of error is overruled.

■ Appellant's fourth and fifth grounds of error relate to expert testimony concerning experiments the State's expert performed to determine the age of the latent print found on the safe. Appellant contends the court erred in failing to exclude such testimony. Appellant also claims that the testimony concerning the fingerprints was repetitious. We have examined the testimony of Lt. Meurer and the experience upon which he predicated his opinion and have concluded that he was competent to express the opinion which he gave. He testified fully concerning the experiments and was thoroughly cross-examined about them. We find this contention discussed in Moses, Scientific Proof in Criminal Cases, Sec. 7.06, p. 9, and we adopt this view:

". . . . In some cases the expert may be able to offer an opinion as to age of a latent print, however, this type of evidence should be predicated on a showing that the expert conducted a proper control test duplicating the conditions obtained at the site of the latent."

Further, we find nothing repetitious in the testimony.

Appellant's fourth and fifth grounds of error are overruled.

■ Appellant's sixth ground of error relates to argument which he claims was tantamount to the State impeaching its own witness. We do not so construe such argument. The prosecutor merely told the jury that he did not ask his first fingerprint witness to estimate the length of time the print had been on the safe prior to its discovery but rather had waited to ask his later, more experienced expert witness to give an estimate.

Appellant's ground of error number six is overruled.

Appellant's seventh through thirteenth grounds of error are not briefed and, consequently, not in compliance with Art. 40.-09, Sec. 9, Vernon's Ann.C.C.P. Nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

ROBERTS, J., not participating.