**David GIBSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46049.

Court of Criminal Appeals of Texas.

April 11, 1973.

———◆———

Gerry O'Malley Walsh, Thomas D. Prichard, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for rape. Punishment was assessed by the jury at life.

Appellant's sole contention is that the evidence is insufficient to support the conviction.

The prosecutrix, a nineteen year old female, attended a movie at a drive-in theatre in Houston with her date, Chal Thayer, on the night of April 12, 1969. Prosecutrix was recovering from an automobile accident and one arm was in a cast. Bandages covered the upper part of her face as a result of skin grafts. After the movie was over, Thayer and the prosecutrix drove to MacGregor Park. About forty-five minutes later, prosecutrix and Thayer were sitting in the car talking when prosecutrix observed an arm come through the back window and unlock her door. About the same time the door was opened on the other side of the car. A sharp object was placed at the back of prosecutrix's neck, and the person who opened the door on the other side of the car pointed a gun toward Thayer. Prosecutrix and Thayer were told by the attackers that they had been to a party where they had killed someone and wouldn't think anything of killing them. Prosecutrix and Thayer were ordered into the back seat of Thayer's car and a cover was placed over their heads. After they had driven a distance, the car was stopped and Thayer and the prosecutrix believed that the two men who had driven the car from MacGregor Park got out and were replaced by two other men who drove the car to a location Thayer believed to be near the ship channel because he could hear noises normally associated with this location. The person sitting on the passenger side of the car removed Thayer's 1967 Reagan High School ring with the initials "C.T." on the inside of the ring. After the car was stopped the second time, prosecutrix was ordered to leave the car and enter another auto. One man remained with Thayer. Three men went with prosecutrix to the other automobile, ordered prosecutrix to get in the back seat and remove her underclothes. Prosecutrix testified that four men forced her to

have intercourse with them. At least one man stayed in the car with Thayer all the time prosecutrix was gone, but the men rotated staying in Thayer's car. After the men returned prosecutrix to Thayer's car, the hood of Thayer's car was lifted and a coil wire was removed. The keys to Thayer's car were thrown in a ditch and the attackers returned to their car and left. The prosecutrix and Thayer went to a service station and called police. After the police arrived and the keys and coil to Thayer's car were found, Thayer drove prosecutrix to Ben Taub Hospital where he remained until prosecutrix was dismissed some three or four hours later. Thayer returned prosecutrix to her home where H. H. Foster, fingerprint examiner with the Houston Police Department, lifted fingerprints from Thayer's auto. Foster testified that he lifted two palm prints from the hood of Thayer's vehicle that were identical to known left palm prints of appellant. Foster further testified that he lifted palm prints just to the rear of the door on the driver's side of the car and from the area to the rear of the door on the passenger's side of the vehicle that were determined to be identical with appellant's known prints.

Officer Whitaker testified that he arrested appellant and one Leopold Brown on April 20, 1969, when he discovered appellant and Brown in Sheldon Reservoir. A ring was removed from Brown's finger which was identified by Thayer as being the ring taken from him on the night of the attack.

The court instructed the jury on the law of circumstantial evidence and principals.

Appellant did not testify nor did he offer any testimony in his behalf.

Appellant urges that the State did not exclude the reasonable hypothesis that his fingerprints could have been placed on Thayer's vehicle prior to or subsequent to the commission of the crime.

Thayer testified that he washed his 1965 Mustang before leaving on the date with prosecutrix, drove a short time before picking up prosecutrix, proceeded to the drive-in theatre where they remained in the car and then went to MacGregor Park where the attack began.

In Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211, defendant's fingerprint was found on glass removed from door of burglarized building. This Court held in Grice v. State, supra, that where evidence shows fingerprint found at the scene of the crime was left there by the criminal at the time the crime was committed, thereby precluding hypothesis that it might have been placed there innocently prior to or subsequent to commission of the crime, and evidence further shows that such print is identical with known print of accused, such evidence satisfies the law and excludes every reasonable hypothesis save guilt of accused.

In Dues v. State, Tex.Cr.App., 456 S.W.2d 116, fingerprints found on inside of glass in broken window at burglarized store were not found sufficient to exclude every other reasonable hypothesis except that of defendant's guilt. In Dues v. State, supra, the defendant took the stand and testified that he worked at the store in question and that, on the day preceding the burglary, he cleaned around the windows and the windows themselves where his prints were found. This Court noted that under the facts in Dues v. State, supra, it was not clear that the fingerprints in question were not necessarily made at the time of the burglary.

In Caudillo v. State, 167 Tex.Cr.R. 147, 318 S.W.2d 891, the only evidence linking accused to the crime was his fingerprints found on the screen of a window which had been raised to gain entry and commit the crime. The accused, testifying in his own behalf, stated that he had painted the house in question about four months prior to the crime and had not returned to the house since that time. Under these facts, this Court held that defendant's finger-

prints found on the window were insufficient to support the conviction.

In Galvan v. State, Tex.Cr.App., 461 S. W.2d 396, the accused's palm print was found inside the home of the prosecutrix "where he apparently had never been before or had a right to be." This Court held such evidence was sufficient to support the conviction.

As a matter of conjecture, we can envision hypotheses which are inconsistent with the guilt of the appellant in the instant case, but this is not the test. The evidence must exclude every other *reasonable hypothesis* except the guilt of the accused. Rice v. State, 122 Tex.Cr.R. 64, 53 S.W.2d 629.

In the instant case, one of the attackers was observed raising the hood of Thayer's car. Palm prints of appellant were found on the hood of the car. Palm prints of appellant were found beside each of two doors of Thayer's car. There was evidence of exchange of drivers and riders after prosecutrix and Thayer were forced into the back seat of the car. The record reflects that the place where the attacks occurred was at the dead end of a side street that was separated from the residential area about a distance of one mile from where appellant lived. MacGregor Park, the site where prosecutrix was first approached by the attackers, was determined to be seven miles from the place of the criminal assaults on prosecutrix.

There is no evidence to even suggest that appellant's palm prints could have been placed on Thayer's car prior to or after the commission of the crime. There are no circumstances from which we can draw a reasonable hypothesis that the prints were placed on the car at a time other than the commission of the crime.

We find the evidence sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.