Jeroze **PATTERSON**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. B14–82–377CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 1982.

**454**

Clyde F. DeWitt, III, Houston, for appellant.

James C. Brough, David S. Knight, Asst. Dist. Attys., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ROBERTSON, Justice.

A jury found appellant guilty of burglary of a habitation and the court assessed punishment at ten (10) years imprisonment. He asserts three grounds of error to reverse his conviction. We affirm.

■ In his third ground of error, appellant contends the evidence is insufficient to support the jury's verdict of guilty. Viewing the evidence in the light most favorable to the verdict, as we are bound to do, the jury was authorized to conclude that on April 22, 1981, appellant entered the complainant's home without consent to do so and with the intent to commit theft based upon the following facts. Complainant and his two sisters shared the townhome which appellant was accused of burglarizing. On the evening in question the complainant and his two sisters had attended church, the complainant returning home first. When he arrived and parked his car, he noticed a strange automobile occupied by a black red-headed female, sitting on the passenger side, parked near him. As he observed her, she jumped out the passenger's door, ran around the front of her car to the sidewalk and disappeared, leaving the car door open, the windows down and her purse on the front car seat. The complainant then went to his house and, upon unlocking the front door, saw various articles including his "thousand dollar stereo," his sister's stereo, a television set, and both men's and women's clothing piled near the front door. He then closed the front door, returned to his auto, and noticed the female was again seated in the driver's seat of the automobile from which she had fled moments before. He walked to the front of her automobile, stared at her, went to his own auto, and wrote down her license number and a description of her and the automobile. He then walked back to her car, spoke to her, and noted that she appeared to be nervous. He went to the next door townhome unit where the security guard lived, knocked on the door, and when the guard answered the door, the complainant told him to "get your gun." While waiting for the guard to get dressed he heard the female in the automo-

bile call out someone's name, start the automobile, and speed away. Upon entering his home he found it ransacked—the closet in his upstairs bedroom had been emptied of many of his clothes, his stereo had been removed from his bedroom, some of his pot plants were lying on his bed, and "the drawers were all out of (his) dresser." A small cash box containing "important papers" was opened and the papers were lying on the floor. In the living room the "things on our coffee table had been knocked off, a clock was on the floor, there was the clothes on the floor from the closet by the living room and the furniture was moved a little bit." A window "in the back by the patio" was open. The police were notified and lifted a partial palm print identical to appellant's, from the rear of the complainant's stereo turntable lying upside down by the front door. On May 13, 1981, acting upon the information of the license number given to them by the complainant, police officers arrested appellant in an identically described automobile, bearing the same license number, accompanied by the same female identified by the complainant as being the one in the automobile outside his home on the night of the burglary. While there is certain additional hearsay evidence in the record admitted without objection by appellant's trial counsel, it is not considered for purposes of testing the sufficiency of the evidence on appeal because it is rightly contested by different counsel on appeal. Neither appellant nor any other witnesses testified in his behalf. Appellant argues since the complainant's two sisters lived with him and they did not testify the evidence, "does not eliminate the reasonable hypothesis that the [palm print] was made at some time when appellant was a consensual visitor of one of the complainant's sisters." In *Grice v. State,* 142 Tex.Cr.R. 4, 151 S.W.2d 211 (1941), the Court of Criminal Appeals held that fingerprints alone were sufficient to support a conviction where the evidence shows the fingerprints found at the scene of the crime were left there by the criminal at the time the crime was committed, thereby excluding the hypothesis that it might have been placed

there innocently prior to or subsequent to the commission of the crime. Such evidence satisfies the law and excludes every reasonable hypothesis save the guilt of the accused. This same rule was applied to palm prints in *Galvan v. State,* 461 S.W.2d 396 (Tex.Cr.App.1971). The facts in our case are very similar to *Grice* and *Galvan* because there is evidence the complainant was unacquainted with the appellant, he never gave appellant consent to enter into his home, and his palm print was found at the time of the crime's commission. While the trial court treated the state's case as one of circumstantial evidence, and so charged the jury, state's counsel on appeal contends the evidence is direct rather than circumstantial, citing *Galvan, supra.* We need not decide whether the case is one depending upon direct or circumstantial evidence for the reason that even if it is a circumstantial evidence case in view of all of the evidence recited above, it would be an *unreasonable* hypothesis that appellant, at some time prior to the burglary, with the consent of one of the complainant's sisters, had been in the home and placed his prints on complainant's stereo. As the Court of Criminal Appeals stated in *Gibson v. State,* 492 S.W.2d 526, 528 (Tex.Cr.App.1973):

> As a matter of conjecture, we can envision hypotheses which are inconsistent with the guilt of the appellant in the instant case, but this is not the test. The evidence must exclude every other *reasonable hypothesis* except the guilt of the accused.

We find the evidence sufficient to sustain the jury's verdict. Appellant's third ground of error is overruled.

■ Even though no objections were made to the court's charge appellant contends it was fundamentally defective for failure to require the jury to find ". . . that the complainant had a greater right to possession of the habitation than the defendant" as alleged in the indictment. The charge defines "owner" as:

> A person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant. . . .

The paragraph applying the law to the facts requires the jury to find the complainant was the owner, as defined in the charge, of the habitation which the appellant allegedly burglarized. The indictment's language "a person having a greater right to possession of the habitation than the defendant" was not necessary as an element of the offense, *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981) and was unnecessary surplusage which could be excluded from the court's charge. Appellant's first ground of error is overruled.

Appellant's second ground of error contends "[T]he trial court erred in failing to allow appellant ten days in which to file a motion for new trial or a motion in arrest of judgment." The effect of appellant's argument, as we understand it, is this appeal must be dismissed. An understanding of the factual setting is necessary. The jury's verdict of guilty was returned on July 29, 1981, but, appellant having elected to have the punishment assessed by the judge, the trial was recessed for a pre-sentence investigation. A portion of the judgment was that day entered reciting the calling of the case for trial, the appearance of the defendant, his counsel and state's counsel, the announcement of ready for trial, the defendant's plea, the impanelling of the jury, the reading of the indictment, the submission of the evidence, the reading of court's charge, and the receipt of the jury verdict of guilty. The judgment then recites the trial reconvened on September 24, 1981, when the court proceeded to hear further evidence on the issue of punishment, following which the defendant was adjudged guilty and punishment was assessed at confinement for ten years. The court immediately pronounced sentence without a waiver of the ten days available prior to September 1, 1981. The record contains a separate "sentence" reciting the pre-September 1, 1981, prerequisites thereof and giving the defendant the benefit of the indeterminate sentence law. Neither the judgment nor the sentence is signed by the trial judge. Various amendments to the Code of Criminal Procedure became effective September 1, 1981. Material to the

issue before us are the amendments to Tex. Code Crim.Pro.Ann. arts. 40.05, 41.02 (Vernon Supp.1982–83) (abolishing the requirement that a motion for new trial or a motion in arrest of judgment be filed within ten days); arts. 42.01, 42.02 (Vernon Supp.1982–83) (incorporating the sentence within the judgment); and art. 42.03 (Vernon Supp.1982–83) (providing for the immediate pronouncement of sentence without waiver of the ten day period for filing a motion for new trial or motion in arrest of judgment).

Based upon these facts appellant contends this "appeal must be dismissed regardless of which set of rules apply." He argues if the "old" rules (pre-September 1, 1981) apply, the sentence is untimely, and if the new rules (post-September 1, 1981) apply, there is "no judgment or sentence in existence." We do not agree.

The general rule is that in absence of express intention to the contrary, procedural statutes control litigation from their effective date; that is, they apply to both pending and future actions. *Wade v. State,* 572 S.W.2d 533 (Tex.Cr.App.1978). We hold the procedural amendments in effect on September 24, 1981, apply to appellant's judgment, sentence, and appeal. Therefore, it was unnecessary for the court to allow the ten days within which appellant could file a motion for new trial or a motion in arrest of judgment. While it is true that article 42.01 now defines a judgment as "the written declaration of the court *signed by the judge*" (emphasis added), this emphasized language is clearly directory rather than mandatory. *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943 (1956). In order for appellant to complain about the lack of the judge's signature he should have brought it to the trial court's attention prior to appeal. He could have done this when the judgment and sentence were entered or by objecting to the record. He did neither and, as a result, he waived any error on appeal. Likewise, we do not consider the fact there is a separate sentence in the record (rather than being incorporated in the judgment, as now required by article

42.02), as affecting the jurisdiction of this court to consider this appeal. Appellant's second ground of error is overruled.

The judgment is affirmed.