**Darrin EDWARDS, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 13-82-321-CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 3, 1983.

Christian Jenkins, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, KENNEDY and GONZALES, JJ.

OPINION

KENNEDY, Justice.

On February 19, 1983, Mrs. Natalie Harold's body was found in her home in Corpus Christi by the police. She had been murdered. Following an investigation, the police charged appellant with the offense. He was indicted for capital murder following waiver of jurisdiction by the Juvenile Court of Nueces County. At trial on the merits he was found guilty by a jury and his punishment was assessed at confinement for life. We affirm.

Appellant's brief contains eight grounds of error. We will address each ground but not in the order presented.

Ground of error number five alleges trial court error in not ordering a psychiatric evaluation of appellant. The record reveals that a motion for mental examination was considered by the court several months before the trial on the merits began. At the hearing on this motion the court invited appellant's counsel to call witnesses. Instead, counsel entered into a dialogue with the court in which he told the court that appellant did not remember certain things he had been asked about and that he had in the past been directed to see psychologists and psychiatrists. To conclude the hearing the following exchange occurred:

"MR. ROGERS: Well, this is all we have at this time. As I understand it this is something that the Court can keep open if it ever did develop—

COURT: Well, certainly, if something develops at a later time as to the defendant's competency, that could stop the trial at that time, but without more I'm going to deny the motion at this time.

MR. ROGERS: All right, thank you."

The motion was never reurged.

V.A.C.C.P. art. 46.02 Sec. 2(a) provides for a pre-trial hearing on a defendant's competency to stand trial "... if the court determines there is evidence to support a finding of incompetency ...". That same article in Sec. 1(b) provides that a defendant is presumed competent to stand trial unless the contrary is proved by a preponderance of the evidence. In our case the trial court offered counsel a then present hearing plus a continuing offer of a hearing and counsel availed himself of neither. No abuse of discretion is shown. This ground of error is overruled. See *Porter v. State*, 623 S.W.2d 374 (Tex.Cr.App. 1981).

Ground of error number six is stated as follows:

"The Court erred in failing to suppress juvenile Appellant's statement and tennis shoes because the Defendant was under illegal arrest as a result of the police's failure to notify Appellant's parents of his arrest for murder."

However, the objection made at trial to the introduction of the tennis shoes was based upon another reason, to wit:

"MR. JENKINS: Your Honor, we have a previous objection, running objection, I believe, that this property was wrongfully taken from our client without probable cause for his arrest and also there's been no evidence about the container attached to the shoes and, therefore, we object to the introduction of that container."

It is well settled that the ground of error presented on appeal must comport with the objection raised at trial; otherwise nothing is presented for review. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). Insofar as this ground of error also complains of the introduction of appellant's statement, we note from the record that the statement was never offered in evidence. Ground of error number six is overruled.

In his seventh ground of error appellant contends that the statement and tennis shoes were wrongfully admitted because there was no probable cause to arrest him. As noted in the proceeding paragraph, the statement was not admitted in evidence.

With regard to the tennis shoes, the record reflects that one of the first things observed by the police when they went to the scene of the crime was blood stains on the floor and shoe tracks in the blood. While they were questioning appellant they noticed a red substance on his tennis shoes.

When they inquired about the red substance appellant attempted to scrape it off at which time the shoes were taken from him. *Swink v. State,* 617 S.W.2d 203 (Tex. Cr.App.1981), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981), involved an almost identical set of facts. There it was held, under what is known as the plain view doctrine, that an officer is permitted to seize what he sees in plain sight or open view if he is lawfully on the premises. We overruled ground of error number seven.

■ Appellant's eighth ground of error, complaining of the admission into evidence of an oral statement made by appellant to the officers prior to receiving warnings said to be required by the Family Code, is without merit because the code makes no such requirement ' concerning oral statements. Tex.Fam.Code Ann. § 51.09 (Vernon Supp. 1983). The ground of error is overruled.

Ground of error number two alleges error in the admission of certain testimony. A State's fingerprint expert was permitted to testify over objection to the age of appellant's fingerprints at the scene of the murder. Appellant concedes in his brief that the witness who so testified is an expert in comparing fingerprints. However, he argues that the proper predicate was not laid for testifying about the *age* of fingerprints because there was no showing that certain tests were run under certain conditions. Both sides cite *Hearn v. State,* 483 S.W.2d 461 (Tex.Cr.App.1972). In that case an expert was permitted to testify to experiments he had performed to determine the age of certain prints. He was then permitted to estimate the age of the prints. In so ruling, the Court of Criminal Appeals adopted the following language from a treatise entitled *"Moses, Scientific Proof In Criminal Cases,"* Sec. 7.06, p. 9:

"... . In some cases the expert may be able to offer an opinion as to the age of a latent print, however, this type of evidence should be predicated on a showing

that the expert conducted a proper control test duplicating the conditions obtained at the site of the latent."

There is a distinction between the proof offered in *Hearn* and that offered in our case. In *Hearn* the expert was attempting to estimate the approximate number of hours that had elapsed since the prints were laid down. In the instant case the prosecutor's stated purpose was to head off anticipated testimony of appellant to the effect that he had been in the house of the victim some six months prior to the murder and could have made the prints on that occasion.

■ All that the prosecutor was attempting to elicit from the expert, and, in fact all that he did elicit, was that the prints were fresh or recent as opposed to being six months old. We hold that *Hearn,* supra is not controlling here and that there was no error in the admission of the testimony. Accordingly, appellant's ground of error number two is overruled.

■ Ground of error number three complains that the trial judge permitted the prosecutor to bolster his own witness. The testimony complained of is to the effect that the fingerprint expert who testified often checks his work with another expert. This pertained to general procedure and no reference was made to what was done in this specific case.

Bolstering has been defined as "when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party." *Pless v. State,* 576 S.W.2d 83, 84 (Tex.Cr.App.1979). Such was clearly not the case here. This ground of error is overruled.

In ground of error number four appellant claims error when the trial judge failed to instruct the jurors prior to voir dire concerning the matters required by Tex.Crim. Proc.Code Ann. § 35.17 Sec. 2 (Vernon Supp.1982).[1] Appellant concedes that he

1. In a capital felony case, the court shall propound to the entire panel of prospective jurors questions concerning the principles, as applica-

ble to the case on trial, of reasonable doubt, burden of proof, return of indictment by grand jury, presumption of innocence, and opinion.

has found no case law to support his position but argues that the use of the word "shall" in V.A.C.C.P. art. 35.17 Sec. 2 indicates that the language used is mandatory and that failure to comply with the mandatory language requires reversal.

■ We decline to rule on this point, however, since the record indicates that no objection was made at trial by appellant to the failure to comply with the cited article. Failure to object at trial waives error, if any. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980), *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). Also we feel compelled to note that appellant has not been here "Thrown out on a technicality." The rule just cited is a good one. It is designed to prevent trapping the trial judge. We are confident that had this matter been pointed out by appellant by proper objection the trial judge would have corrected his oversight. Ground of error number four is overruled.

■ Appellant's first ground of error complains of a portion of the prosecutor's jury argument being prejudicial in allegedly stating a community demand that the jury find appellant guilty. What was said was: "... But I think the courage you can show now in returning a finding of guilty will satisfy this community, will satisfy her loved ones."

This is not the first time for the appellate courts of this state to face this problem. We sincerely urge the prosecutors of the state to re-think their manner of oral argument in this regard to see if they can obtain convictions without having to tiptoe through this mine field.

One of the first writings on this subject is *Woolly v. State,* 93 Tex.Cr.R. 384, 247 S.W. 865 (1923) cited by appellant. That case was reversed because the prosecutor told the jury that the people of Denison desired a conviction. It was said that this amounted to placing before the jury a fact not in evidence. This case, and the theory upon

which it was based, was relied on by the Court of Criminal Appeals in reversing *Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961) also cited by appellant.

The latter cases of *Hendrix v. State,* 474 S.W.2d 230 (Tex.Cr.App.1972) (if the jurors turn a guilty man loose "People talk about it") and *Bolding v. State,* 493 S.W.2d 181 (Tex.Cr.App.1973) ("many people will take notice of [a guilty verdict]") were affirmed. In each case it was held that the argument did not express a desire on the part of the people for a conviction.

In the case before us the statement begins with the words "I think". Thus, the prosecutor was guessing rather than testifying. The words "satisfy this community ... satisfy her loved ones" are closer to the words "many people will take notice of it" and "people talk about it" which were held not to constitute reversible error in *Henderson,* supra and *Bolding,* supra. While we do not hold up the prosecutors remarks in this case as a shining example, we hold that the refusal of the trial court to declare a mistrial based upon them was not error. This, and all other grounds of error are overruled and the judgment of the trial court is AFFIRMED.

---

Then, on demand of the State or defendant, either is entitled to examine each juror on voir dire individually and apart from the entire panel, and may further question the juror on

the principles propounded by the court. Amended by Acts 1973, 63rd Leg., p. 1127, ch. 426, art. 3 § 5, eff. June 14, 1973.