In The

Court of Appeals

For The

First District of Texas


____________


NO. 01-01-01048-CR

____________


MAC KENNY POUNCY, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 851,630 





O P I N I O N


 A jury found appellant, Mac Kenny Pouncy, Jr., guilty of aggravated robbery
and assessed his punishment at 35 years in prison, enhanced by his plea of true to the
prior offense of delivery of a controlled substance. We address whether (1) the trial
court erred by permitting a police officer to testify that a fingerprint was less than 48
hours old, (2) the trial court erred by failing to grant a mistrial after an extraneous
offense was introduced, and (3) the evidence was factually sufficient to support
appellant's conviction. 

 We affirm the judgment of the trial court.

Background

 On June 8, 2000, Wilma Embrey was working as the manager of a convenience
store on East Mount Houston Road in Houston, Texas. While alone in the store that
morning, Embrey saw appellant enter the store and proceed behind the counter, where
Embrey was stationed. Embrey was able to see appellant's face clearly as he entered
the store. As appellant proceeded behind the counter, Embrey saw appellant use both
hands to turn video surveillance cameras toward the ceiling, which prevented filming
his actions. Appellant pulled his tee shirt up above his nose to conceal his face, came
toward Embrey, and used a gun to push her to the floor. Appellant then asked
Embrey how to open the cash register, and she instructed him. Appellant threatened
to harm Embrey if she raised her head from the floor. After emptying the register,
appellant took spare change from a cigar box kept below the counter and some
cartons of cigarettes. During the commotion, appellant's shirt fell down, and Embrey
again got a good view of appellant's face and features. Appellant finished taking the
spare change and cigarettes and told Embrey to keep her head down until he left the
store. Embrey identified appellant as the man who had robbed the store on June 8,
2000.

 Embrey's coworker, Deborah Boston, testified that Embrey told her that
Embrey identified appellant "to get the police off her back" and that, to her, "all black
people look alike." Appellant's mother also testified that, when she spoke with
Embrey in the store after appellant's arrest, Embrey said she could not identify the
person who had robbed the store.

 On the day of the robbery, Officer B.E. Duke, of the Houston Police
Department Fingerprint Division, obtained a fingerprint from the cigar box that
contained the spare change. The robber left the print during the theft, when he
dumped the change from the box into a bag. The Houston Police Department
Fingerprint Lab identified the fingerprint on the cigar box as from appellant's left
index finger. 

Analysis


 Admitting Police Officer's Testimony On Age of Fingerprint



 In his first point of error, appellant claims Officer Duke testified as an expert
and that the State did not establish admissibility under Rule 702 of the Rules of
Evidence. See Tex. R. Evid. 702. Appellant alternatively contends Officer Duke's
testimony was inadmissible as lay-witness testimony under Rule 701 of the Rules of
Evidence. See Tex. R. Evid. 701.

 We construe appellant's first point of error and supporting argument as
contending that (1) a lay witness cannot testify as to the age of a fingerprint, (2)
expert testimony is required, and (3) Officer Duke was not qualified to testify as an
expert on the age of the fingerprint.

 The prosecutor asked Officer Duke the following question during the State's
case-in-chief:

 Q: Based on your experience as a fingerprint lifter, I guess,
would the prints found on State's Exhibit 12 and 13 have been left on
the cigar box and the cigarette box [sic] recently or in the past?


 A: Recently.


 [DEFENSE COUNSEL]: I object to him being in a position to
give an opinion on that issue.


 THE COURT: That's overruled. You may answer.


Rule 702 governs expert testimony and provides as follows:

 If scientific, technical or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact
in issue, a witness qualified as an expert by knowledge, skill,
experience, training, or education may testify thereto in the form
of an opinion or otherwise. 


Tex. R. Evid. 702.


 Appellant's challenge to permitting Officer Duke to testify under rule
702 is two-pronged. In his first challenge, appellant contends the trial court
erred by summarily overruling appellant's objection without fulfilling the trial
court's first responsibility as "gatekeeper" by conducting a hearing, outside the
presence of the jury, to determine Officer Duke's reliability as an expert
witness and thus to weed out any "junk science" Duke might offer. See Jordan
v. State, 928 S.W.2d 550, 553-55 (Tex. Crim. App. 1996); Hernandez v. State,
53 S.W.3d 742, 744-46 (Tex. App.--Houston [1st Dist.] 2001, no pet.)
(addressing trial court's role to determine reliability and relevancy of scientific
expert testimony). 

 To preserve error based on admission of evidence, an objection must
state the specific ground for the objection unless that ground is apparent from
the context. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1; see Hernandez, 53
S.W.3d at 745. In Hernandez, this Court concluded error had been preserved
and the objection was adequate from the context because the defendant had
challenged admissibility of the proffered expert testimony under rules 702 and
703, as well as the leading "gatekeeper" cases, and had also vigorously
attacked the expertise of the witness on voir dire. Hernandez, 53 S.W.3d at
745-46. Here, by contrast, appellant offered only a general objection that did
not invoke the trial court's "gatekeeper" function and thus failed to preserve
any possible error on that ground. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1.

 In the second prong of his challenge to Officer Duke's testifying as an
expert, appellant contends Officer Duke was not qualified and that his
testimony was not reliable. Appellant contends that Cook v. State, 940 S.W.2d
623, 626 (Tex. Crim. App. 1996), supports his contention. We disagree. Cook
involved several instances of prosecutorial and police misconduct. Id. at 625,
627. One example was the prosecutor's introducing misleading evidence,
through the testimony of a police officer, that a fingerprint was six to 12 hours
old. Id. at 626. Although the officer originally offered the testimony as an
"expert" at the Cook defendant's first trial, the officer later recanted the
testimony, in part because it could not be supported by any scientific evidence
or by a fingerprint expert. Id. Thus, the officer was not qualified as a
fingerprint expert. Cook is restricted to its facts and does not categorically bar
a qualified police officer from offering expert testimony on the age of a
fingerprint. 

 Well-settled law permits a qualified police officer to testify as to the age
of a fingerprint. See Hearn v. State, 483, S.W.2d 461, 463 (Tex. Crim. App.
1972); Edwards v. State, 660 S.W.2d 622, 625 (Tex. App.--Corpus Christi
1983, pet. ref'd). The State established that Officer Duke had 10 years
experience with the fingerprint division of the Houston Police Department,
where his duties included lifting fingerprints from crime scenes. He had lifted
"hundreds and hundreds" of fingerprints. Officer Duke explained the
technique he used to lift fingerprints and how he determined if a fingerprint
was fresh. He explained that objects in a crime scene are first dusted with
fingerprint powder (crushed volcanic ash). After being dusted, prints are lifted
with tape. A fingerprint is fresh if the fingerprint powder reveals a dark
fingerprint. Officer Duke confirmed that the fingerprints he lifted from the
cigar box were fresh. 

 By establishing Officer Duke's 10 years' experience as a fingerprint
lifter and by demonstrating his technical knowledge and expertise as a
fingerprint lifter, the State established Duke's qualifications as an expert
witness whose specialized knowledge would assist the trier of fact. We hold
the court did not abuse its discretion by overruling appellant's objection and
admitting Officer Duke's testimony as to the age of the fingerprint on the cigar
box. Having determined that Officer Duke properly testified as an expert
witness, we need not address whether his testimony was admissible as lay
testimony under rule 701. 

 We overrule appellant's first point of error.


 Failing to Grant a Mistrial


 In his second point of error, appellant claims the trial court erred by not 
declaring a mistrial when Embrey alluded to a second robbery committed by
appellant. During cross-examination of Embrey, the following exchange
occurred:

 [DEFENSE COUNSEL]: You saw his face when he came in the
door and you saw his face when he came out the door and you
saw his face when he came up on you, even though he had his
shirt up over his face, part of his face, correct?


 A: I saw his face. I knew who he was the second time he robbed
me. I knew--


 [DEFENSE COUNSEL]: Judge, I'm going to object.


 THE COURT: Sustained.


 After a brief bench conference during which appellant's counsel moved
for a mistrial based on Embrey's nonresponsive answer, the trial court recessed
for the evening, but asked the attorneys to research the issue of the reference
to an extraneous offense, given the dispute concerning identification of
appellant. The following morning, before the jurors returned to the courtroom
and the trial resumed, the trial court denied defense counsel's motion for
mistrial. The court granted appellant's request for an instruction to disregard,
however. As soon as the jurors entered the courtroom, the trial court addressed
them as follows: 

 Ladies and gentlemen of the jury, at the close of the day yesterday
during the defense questioning, there was a defense question and
answer. You are not to consider that answer for any purpose
whatsoever. You are not to consider the answer at all. You're
not to discuss it. You're not to relate it to one another. You're
not to consider it for any purpose whatsoever.


 The State contends appellant did not preserve error because appellant
did not request an instruction to disregard until the following day. To preserve
error based on erroneous admission of evidence of an extraneous offense, an
appellant must first object specifically; then, if the objection is sustained,
request an instruction to disregard; and then, if that is denied, move for a
mistrial. See Koller v. State, 518 S.W.2d 373, 375 (Tex. Crim. App. 1975). 

 Although appellant's counsel did not follow these steps in precise order,
the key step in preserving error is to press the specific objection to the point of
obtaining an adverse ruling. See Fuller v. State, 827 S.W.2d 919, 926 (Tex.
Crim. App. 1992). Appellant requested a mistrial after Embrey referred to the
extraneous offense. Appellant received an adverse ruling because the trial
court refused to declare a mistrial. After receiving the adverse ruling, appellant
asked for an instruction to the jury to disregard. We conclude appellant
preserved error, if any. 

 In determining whether an erroneous reference to an extraneous offense
is reversible, we follow the general rule that the trial court cures erroneous
reference to or implication of extraneous offenses by instructing the jury to
disregard, which renders any error harmless. Campus v. State, 589 S.W.2d
424, 428 (Tex. Crim. App. 1979). An exception occurs in extreme cases when
it appears that the question or evidence is clearly calculated to inflame the
minds of the jury and is of such character as to suggest the impossibility of
withdrawing the impression produced in their minds. Thompson v. State, 612
S.W.2d 925, 928 (Tex. Crim. App. 1981); Coe v. State, 683 S.W.2d 431, 436
(Tex. Crim. App. 1979). 

 Appellant contends the trial court's ruling was not "prompt," as required
by Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000), because the
trial court did not instruct the jury to disregard Embrey's testimony until the
next day. Appellant further contends that promptness of the trial court's ruling
is the rationale that supports the general rule that instructing the jury to
disregard renders any error harmless. Finally, appellant emphasizes that,
because the trial court recessed immediately after Embrey's nonresponsive
answer, the jurors "had hours to think about the last thing Ms. Embrey said
before any instruction was given." 

 Appellant's reasoning ignores that he did not ask "promptly" that the
jury be instructed to disregard Embrey's testimony. Instead, appellant moved
immediately for a mistrial and did not request an instruction to disregard until
the next day and only after again requesting a mistrial. When appellant
requested an instruction to disregard, the trial court "promptly" granted the
request. 

 Appellant also questions the adequacy of the trial court's instruction to
disregard because the trial court did not identify which testimony to disregard. 
We disagree. The trial court thoroughly, specifically, and emphatically 
instructed the jurors to disregard "the defense question and answer" that
occurred "at the close of the day yesterday." Given the vigorousness of the
court's ruling and resulting focus by the jury on the ruling as the first order of
court business on the day after Embrey's testimony, we conclude the trial
court's instruction sufficiently cured any error arising from Embrey's reference
to an extraneous robbery offense by appellant. Embrey referred to the
extraneous offense only after being cross-examined by appellant's counsel
about the identity of the robber. Thus, nothing in the record suggests the
reference to the extraneous offense was calculated to inflame the minds of the
jurors. Likewise, the record does not suggest that it was impossible for the
jurors to withdraw any impression Embrey's testimony may have produced in
their minds. 

 We overrule appellant's second point of error.

C. Challenge to Sufficiency of Evidence to Support Conviction

 In his third point of error, appellant claims the evidence was factually
insufficient to support his conviction because Embrey's identification of him
as the robber was weak and the jury should have given more weight to the
testimony of Embrey's coworker and appellant's mother. Appellant further
contends his alibi witness "was a reputable and credible person," who placed
appellant in her home and asleep when the crime took place. Finally, appellant
claims the "combined effect" of the testimony of these witnesses and improper
admission of Officer Duke's testimony regarding the age of the fingerprint
requires a remand for a new trial. 

 A review of the factual sufficiency of the evidence begins with the
presumption that the evidence is legally sufficient to support the judgment. 
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). Evidence is
factually insufficient if it is so weak as to be clearly wrong and manifestly
unjust or the adverse finding is against the great weight and preponderance of
the available evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). In conducting a factual sufficiency review, we ask whether a neutral
review demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination or that the proof of guilt,
although adequate when taken alone, is greatly outweighed by contrary proof. 
Id. In conducting this review, we must recognize that the jury is the sole judge
of the weight and credibility of the testimony and that we may not substitute
our judgment for that of the jury. See Johnson, 23 S.W.3d at 7; Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

 In identifying appellant, Embrey said she could see appellant's face as
he entered and left the store, as well as during the robbery when his shirt was
not covering his face. In addition, Embrey carefully examined several photo
spreads that contained pictures of black males who were similar in appearance
to appellant and had similar hairstyles. Embrey identified appellant in one of
these photo spreads and also identified him at trial. Nothing in the record
supports appellant's contention that Embrey felt "she had to fight back by
identifying the person who was regarded as the prime suspect by the police and
prosecutor."

 Embrey repeatedly refuted Boston's assertions that Embrey said she
"couldn't identify the robber but that [she] picked out somebody so the cops
would leave [her] alone" and "that they [black people] all looked alike." In
reaching its verdict, the jury apparently exercised its fact-finding role and
reconciled the conflicts among Embrey's, Boston's, and appellant's mother's
testimony by choosing to believe Embrey. 

 Concerning appellant's alibi defense, appellant's single alibi witness
gave conflicting testimony that did not accurately coincide with the written
statement she had given an investigator. Again, the jury apparently exercised
its fact-finding role and chose to reconcile the conflict in the witness's
testimony by choosing to reject it. The jury could reasonably have found, from
Embrey's testimony alone, that appellant was the robber. 

 The jury's finding of guilt is not against the great weight of the evidence
presented, and the contrary proof does not undermine confidence in the verdict.

 We overrule appellant's third point of error. 

Conclusion

 We affirm the judgment of the trial court. 



 Elsa Alcala

 Justice



Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.1.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.