

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-20-00246-CV

───────────────────────

IN RE: A PURPORTED LIEN OR CLAIM AGAINST 1124 N. KNOWLES DR., SAGINAW, TEXAS, 76179

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-318127-20

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Adelina Estrada appeals from the trial court's order finding that a recorded document, purporting to create a lien on Estrada's real property, was not presumptively fraudulent. Estrada challenges the substance and form of the trial court's order. Because we conclude that the trial court did not err by finding against Estrada's assertion of fraud, and because she waived her argument that the trial court's failure to initial its findings rendered the order invalid, we affirm the trial court's order.

## I.  -BACKGROUND

On November 1, 2016, Estrada leased a house she owned in Saginaw to Randy and Lucida Perales under a one-year "Rent to Own Agreement." Under the agreement, the Peraleses agreed to pay a $4,000 "Security Deposit" and monthly $900 "installments." In the agreement, the Peraleses were granted the option to buy the house for $75,000 at the end of the one-year period. The agreement provided that the Peraleses did not have the right "to file mechanics liens or any other kind of lien on the Premises." Estrada and the Peraleses signed the agreement.

On June 4, 2020, the Peraleses recorded a joint affidavit in which they averred that they had exercised the purchase option and "continue to pay the mortgage(s) which Adelina Estrada obtained and which are secured by the Property." The Peraleses attached their agreement with Estrada to their affidavit. After the affidavit was recorded, Estrada filed a motion requesting judicial review of the affidavit,

alleging that it was fraudulent. *See* Tex. Gov't Code Ann. § 51.903(a). On July 31, 2020, after an ex parte nonevidentiary hearing, the trial court found that the affidavit was not presumptively fraudulent. *See id.* § 51.903(c). The trial court made the following findings in its order:

> The court finds as follows (only an item checked and initialed is a valid court ruling):
>
> _√_ The documentation or instrument attached to the motion herein IS asserted against real or personal property or an interest in real or personal property and:
>
> (1) IS provided for by specific state or federal statutes or constitutional provisions;
>
> (2) IS created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the law of this state, or by consent of an agent, fiduciary, or other representative of that person; or
>
> (3) IS an equitable, constructive, or other lien imposed by a court of competent jurisdiction created or established under the constitution or law of this state or of the United States.

*See id.* §§ 51.901(c)(2), 51.903(g). The trial court specified that it was not making findings "as to any underlying claims of the parties involved" and that its findings were limited "to the review of a ministerial act." *See id.* § 51.903(g). The trial judge physically signed the order.

Estrada filed a motion to reconsider the order, arguing that the Peraleses' affidavit satisfied none of the three numbered findings and that the affidavit, therefore, was "not a valid lien." The trial court did not rule on the motion, and

Estrada filed a notice of appeal. *See id.* § 51.903(c); *Cardenas v. Wilson*, 428 S.W.3d 130, 132 (Tex. App.—Houston [1st Dist.] 2014, no pet.). She now argues that the affidavit does not satisfy any of the findings the trial court relied on in concluding that the affidavit was not presumptively fraudulent. She further attacks the trial court's failure to initial each finding.

## II. SUBSTANCE OF ORDER

The Texas Government Code provides a procedure by which a real property owner can seek judicial review of a filed document that purports to create a lien or claim on the real property. *See* Tex. Gov't Code Ann. § 51.903(a). This judicial review may be ex parte and may be based solely on the presented documentation. *See id.* § 51.903(c). A recorded document purporting to create a lien against real property is presumed fraudulent if it

> (A) is not a document or instrument provided for by the constitution or laws of this state or of the United States;
>
> (B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or
>
> (C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States[.]

*Id.* § 51.901(c)(2). The trial court found the affidavit met none of the definitions of a presumptively fraudulent document.

We review de novo the trial court's determination that the Peraleses' affidavit was not presumptively fraudulent. *See David Powers Homes, Inc. v. M.L. Rendleman Co.*, 355 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Indeed, whether an affidavit is fraudulent as statutorily defined is a question of law. *See id.* In her first three issues, Estrada contends that the affidavit met each of the alternate definitions of a presumptively fraudulent document, rendering the trial court's order erroneous as a matter of law.

First, Estrada argues that the affidavit met definition A because there is no legal basis to support the Peraleses' filing of an "Affidavit of Facts Concerning Real Property," which created a cloud on her title, based on a conditional, option-to-purchase lease agreement. The Texas Property Code, however, provides that an option to purchase residential property that includes, is combined with, or executed concurrently with a residential lease "is considered an executory contract for conveyance of real property," which may be recorded. Tex. Prop. Code Ann. §§ 5.062(a)(2), 5.076. Texas law contemplates that the Peraleses' affidavit, which attached the rent-to-own agreement, may be filed to establish the executory contract. *See id.* § 12.001(a).

Second, Estrada asserts that the affidavit met definition B because the affidavit was not the result of implied or express consent or agreement of the parties because the rent-to-own agreement expressly did not allow the Peraleses to file a lien. However, the executory contract was clearly an agreement between Estrada and the

5

Peraleses. Whether the affidavit violated a term of the executory contract involves the validity of the underlying lien and claims between the parties, which the trial court was not empowered to determine in its judicial review of the affidavit. *See Cardenas*, 428 S.W.3d at 132–33; *see also In re Purported Liens of Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[A] trial court is limited to determining whether a particular instrument . . . is fraudulent as therein defined; it may not rule on the validity of the underlying lien itself or other claims between the parties."). At the ex parte hearing on Estrada's motion for judicial review, the trial court properly recognized this limitation:

> [The motion] doesn't get to the merits of whether the factual statements contained in the filing are accurate or not. It's really a question of . . . did [the Peraleses] file an instrument that is not authorized . . . .
>
>      . . . .
>
>      . . . It may not be a valid lien, but I don't think this is the type of thing that Chapter 51 was designed where the Court can go in on an *ex parte* basis and say, "I presume that this is a fraudulent filing."

Third, Estrada asserts the affidavit met definition C because the affidavit was not court imposed. But definition C provides that a document is presumed fraudulent if it is not an equitable, constructive, *or* judicially imposed lien. *See* Tex. Gov't Code Ann. § 51.901(c)(2)(C); *Nguyen v. Bank of Am., N.A.*, 506 S.W.3d 620, 624 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The rent-to-own agreement between Estrada and the Peraleses ostensibly created an equitable interest in the property in favor of the Peraleses, conferring on them the obligation to make

6

payments and the right to later receive legal title if they complied with their contractual obligations.[1]  *See, e.g.*, *Ferrara v. Nutt*, 555 S.W.3d 227, 240 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Cadle Co. v. Harvey*, 46 S.W.3d 282, 287–88 (Tex. App.—Fort Worth 2001, pet. denied).

The trial court did not err by finding that the Peraleses' affidavit was not presumptively fraudulent.  We overrule Estrada's first three issues.

### III.  FORM OF ORDER

In her final issue, Estrada argues that the trial court erred by failing to initial its findings as instructed in the order itself and by the Government Code, rendering the order "invalid."  Estrada relies on the Government Code's "suggested" form for such orders and on the order itself, both of which recite that "a valid court ruling" would be "checked and initialed."  Tex. Gov't Code Ann. § 51.903(g).

At the ex parte hearing, the trial judge instructed Estrada to prepare an order as "set out in . . . 51.903" tracking the findings the judge had stated on the record so he could "check off or initial."  Estrada did not object to this statement.  In her motion to reconsider, Estrada did not assert that the trial judge's failure to initial as well as check the findings affected the order's validity.  Because Estrada appeared to acquiesce in the trial court's assertion that it would not check and initial its findings,

---

[1]Estrada contends that the Peraleses did not comply with their obligations under the agreement.  Again, whether the Peraleses or Estrada complied with the agreement goes to the lien's validity, which was beyond the trial court's scope of review.  *See Cardenas*, 428 S.W.3d at 132–33; *Samshi Homes*, 321 S.W.3d at 667.

and because she waited to complain of a form discrepancy until appeal, we hold that Estrada failed to preserve her argument for our review. *See* Tex. R. App. P. 33.1(a); *cf. Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–64, 166 (Tex. 2018) (per curiam) (holding objection to form of summary-judgment affidavit—an "obvious defect"—waived if not raised in the trial court); *In re D.Z.*, 583 S.W.3d 284, 294–95 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (op. on reh'g) (holding appellant waived objection to form of trial court's Rule 13 order by failing to timely object in the trial court); *Patterson v. State*, 650 S.W.2d 453, 456 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) ("In order for appellant to complain about the lack of the judge's signature he should have brought it to the trial court's attention prior to appeal."). For this reason, we overrule issue four.

Even so, we note that nothing in Section 51.903 indicates that the "check and initial" instruction is an absolute, inflexible requirement. Indeed, the trial judge's signature on the order reflects that the order correctly stated his findings and would be a sufficient substitute for initials. *Cf. In re Barber*, 982 S.W.2d 364, 367 (Tex. 1998) (orig. proceeding) (holding court coordinator's signing order with judge's "rubber stamp" at judge's direction was "acceptable" and noting that "many problems may be avoided when the judge personally signs all orders and judgments"); *Ex parte Allen*, No. 14-19-00898-CR, 2020 WL 7626663, at *2–3 (Tex. App.—Houston [14th Dist.] Dec. 22, 2020, no pet.) (disregarding check mark on form order indicating early termination of deferred adjudication was granted because substance of the remainder

of the order showed trial court intended to deny early termination). Even if Estrada had preserved her complaint, we would decline to elevate form over substance here.

## IV. CONCLUSION

The trial court's findings that the Peraleses' affidavit was not presumptively fraudulent were not in error. Estrada did not preserve her argument that the lack of initials on the trial court's findings rendered the order invalid. Accordingly, we overrule Estrada's issues and affirm the trial court's order.

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 8, 2021

9