### J. A. Woolly v. The State.

No. 7078.   Decided February 7, 1923.

**Adultery—Evidence—Hearsay.**

The neighbors should have been called to testify under oath, and not permitted to relate through an officer what their complaints were, and therefore this testimony was not only inadmissible but must be held to have been harmful, especially where it was followed by the argument of State's counsel that the jury should convict on this evidence, and the same is reversible error.

Appeal from the County Court of Grayson. Tried below before the Honorable Dayton B. Steed.

Appeal from a conviction of adultery; penalty, a fine of $500.

The opinion states the case.

*Reasonover & Reasonover,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant is convicted for adultery with one Nettie Collins with punishment assessed at a fine of $500.

The State relied upon circumstantial evidence to secure a conviction. The proof showed that appellant was engaged in the mercantile business; was a married man with a wife and two children. He and his family lived over the store. Nettie Collins lived in a house on the outskirts of the city of Denison. Appellant had been seen on numerous occasions to go there both in the daytime and at night, and had been

seen taking in the house things which the witnesses thought to be groceries and other household supplies. He was seen to leave the place frequently early in the morning. His automobile would be parked at the house both daytime and night, but in the daytime usually at the back of the house. We do not regard it necessary to make a more extended statement of the facts. The State used a peace officer as a witness and among other things propounded to him the following question.

"Did you ever receive any complaint from the neighbors out there in reference to Woolly's and Mrs. Collins' conduct out there?"

Objection was interposed but was overruled and the witness answered:

"Yes, sir, I had numerous complaints. The neighbors complained about him coming out ther and staying there so much; and his conduct was so bad they wanted him arrested."

It is not clear to us why the State should have insisted on the court admitting this character of testimony. It is clearly violative of the rules excluding hearsay. The neighbors should have been called to testify under oath and not relate through an officer what their complaints were. The evidence was not only inadmissible but must be held to have been harmful. Counsel representing the State not only insisted over objection in placing this hearsay evidence in the record, but followed it up by an argument to the effect that the jury ought to convict appellant because the "evidence warrants it, and because the people of Denison desire it." A written charge was requested instructing the jury to disregard the argument, but was refused by the court. It was certainly proper for counsel to insist upon the conviction of appellant on the ground that the evidence, in his judgment, authorized it, but when he departed from the record and insisted that the people of Denison desired such conviction he was placing before the jury a fact not in evidence, on which, if true, ought not to be considered by the jury in determining the guilt of a party on trial.

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*