**Robert Caldwell HOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–035–CR.**

Court of Appeals of Texas,
Austin.

Dec. 5, 1984.

Michael Brandes, Brandes & Kiester, Austin, for appellant.

Margaret Moore, County Atty., Claire Dawson-Brown, Asst. County Atty., Austin, for appellee.

1. Although the judgment of conviction was signed by the Honorable Steve Russell, the presiding judge at appellant's trial was the Honora-

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PER CURIAM.

A jury found appellant guilty of driving while intoxicated. Tex.Rev.Civ.Stat. art. 6701*l*–1 (1979 Tex.Gen.Laws, ch. 682, § 3 at 1609). The court assessed punishment at incarceration for forty-five days and a $500.00 fine, but imposition of sentence was suspended and appellant was placed on probation.

In one of his two grounds of error, appellant contends the trial court erroneously excluded the testimony of a defense witness.[1] We agree. Because this ground of error is dispositive, discussion of the other ground is unnecessary.

The witness in question was Kirt Kiester, an Austin attorney who practices in association with Michael Brandes, appellant's trial counsel. Kiester testified outside the presence of the jury that he is a personal friend of appellant and represents him in legal matters of a civil nature. Following his arrest at 11:50 p.m. on May 5, 1981, appellant called Kiester and asked him to come to the police station to secure his release pursuant to the "Hobby rule." Kiester arrived at the police station at 1:30 a.m. Kiester testified that appellant's behavior was completely normal, and that he manifested none of the physical symptoms associated with intoxication. Appellant was coherent and alert, and gave Kiester perfect directions to his home. In Kiester's opinion, appellant was not intoxicated.

The State argued, and the trial court ruled, that the admission of this testimony would violate Disciplinary Rule 5–102(A) of the Code of Professional Responsibility, which provides:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial

ble Bob Perkins, Russell's predecessor as judge of the County Court at Law No. 2.

and his firm, if any, shall not continue representation in the trial....

The trial court reasoned that if Kiester were permitted to testify, appellant's trial counsel, Brandes, would be forced to withdraw from the case or face disciplinary proceedings. To avoid this result, the court sustained the State's objection to Kiester's testimony.[2]

Unless Disciplinary Rule 5–102(A) constitutes a limitation, Kiester was competent to testify on appellant's behalf. Texas Code Cr.P.Ann. art. 38.10 (Supp.1984) provides that:

> All other persons, except those enumerated in Articles 38.06, 38.101, 38.11, and 38.111, whatever may be the relationship between the defendant and witness, are competent to testify, except that an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship.

Kiester's proposed testimony did not violate the attorney/client privilege, and none of the other exceptions referred to in art. 38.10 apply to this case.

In *Pannell v. State*, 666 S.W.2d 96 (Tex. Cr.App.1984), a district attorney violated Disciplinary Rule 7–104(A)(1) of the Code of Professional Responsibility by interviewing the defendant without the prior consent of his court-appointed attorney. The defendant argued that the resulting confession was inadmissible under Tex.Code Cr.P. Ann. art. 38.23 (1979) as having been obtained in violation of a law of the State. The court rejected this argument, holding:

> [T]he disciplinary rules of the Code of Professional Responsibility are not laws of the State of Texas as were contemplated by Article 38.23, supra. Thus, violation of one of these disciplinary rules in obtaining evidence for a criminal

proceeding will not bar introduction of that evidence at trial.... We agree with our brothers in the federal system that such ethical violations are to be dealt with by means of the administrative mechanisms specially established for dealing with such unethical conduct.

666 S.W.2d at 98.

While appellant's trial counsel might have violated Disciplinary Rule 5–102 by calling his associate Kiester to testify on appellant's behalf, this did not constitute grounds for excluding Kiester's otherwise competent testimony. Because Kiester was the only defense witness to have seen appellant soon after his arrest, we cannot conclude that the exclusion of this testimony was harmless error.

The judgment of conviction is reversed and the cause remanded to the trial court for a new trial.

PHILLIPS, C.J., not participating.

---

2. The trial court's express ruling was as follows: "The Court feels that, in order to do that, that then you would have to withdraw, which would then face the Court with either proceeding with Mr. Holt representing himself or getting another attorney to finish up the trial or declaring a mistrial, none of which three possibilities the Court feels—deems advisable or proper to occur. Therefore, the Court will sustain the State's objection to the testimony of this witness, and you may step down."