**Ricky RANDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–88–0250–CR.**

Court of Appeals of Texas, Amarillo.

May 17, 1989.

J. Pink Dickens, Plainview, for appellant.

Robert W. Kinkaid, Jr., Plainview, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

A jury convicted appellant Ricky Randell of burglary, Tex.Penal Code Ann. § 30.01 (Vernon 1989), enhanced by a prior felony conviction. The jury assessed punishment at thirty years confinement in the Texas Department of Corrections. In three points of error, Randell contends that the trial court erred by (1) permitting argument by the State that invited the jury to consider the effect of the parole laws in assessing punishment; (2) failing to disqualify the Hale County District Attorney's Office from representing the State; and (3) permitting jury argument by the State concerning matters outside the record. For the reasons that follow, we will overrule Randell's points of error and affirm the judgment of the trial court.

In his first point of error, Randell contends that the trial court erred in permitting argument by the State that invited the jury to consider the effect of the parole laws in assessing punishment. The argument complained of was as follows:

[Prosecutor]: I told you on voir dire yesterday that the State had charged Ricky Randell with a first degree felony, and I believe that's what we have proven to you this morning, that he had previously been convicted of the same crime of which you found him guilty, burglary of a building, back on March the 2nd, 1987. And he got 10 years in the Texas Department of Corrections. That's what

it states right here in this evidence in front of you.

On this page it says, "Volume 45, Page 760", in the State's Exhibit No. 1, here went down to Texas Department of Corrections for 10 years for burglary of a building on March the 2nd, 1987.

I submit to you we have proven that he was convicted beyond a reasonable doubt in Cause No. B–9269 as alleged in the second paragraph of the indictment, and we have proven that enhancement allegation, and the State has proven to you that this criminal defendant sitting over here in this chair, is a repeat offender for the same crime that you convicted him of, and he did it almost within a year from the time he was convicted in B–9269. He is right back on your street.

[Defense counsel]: Your Honor, we are going to object to this line of testimony—parole—referring to parole law which is not allowed.

[Prosecutor]: I'm arguing the facts proved right here, Your Honor.

[Defense counsel]: Your Honor, he's alluding—

The Court: I'll overrule your objection.

Be careful in your argument counsel. You may proceed.

■ The permissible areas of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim. App.1973). Improper argument is not reversible unless, in light of the record as a whole, the argument is manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused. *Franklin v. State*, 693 S.W.2d 420, 429 (Tex.Crim.App.1985).

■ From a reading of the "pen packet," the jury could have easily ascertained that Randell had not served the full ten-year sentence from his previous conviction. *See Franklin v. State*, 606 S.W.2d 818, 830 (Tex.Crim.App.1979). The State made no mention of the parole laws and injected no new facts into the record. The State's argument was (1) a summation of the evi-

dence, *Stephen v. State*, 677 S.W.2d 42, 45 (Tex.Crim.App.1984); (2) a reasonable deduction from the evidence, *Todd v. State*, 598 S.W.2d 286, 297 (Tex.Crim.App. [Panel Op.] 1980); and (3) a plea for assessment of a longer sentence than was previously assessed, i.e., a plea for law enforcement, *Harrell v. State*, 643 S.W.2d 686, 690–91 (Tex.Crim.App. [Panel Op.] 1983). We also observe that Randell received a thirty-year sentence rather than the fifty-year sentence urged by the State. The State's argument fell within the permissible areas of jury argument and did not invite the jury to consider the effect of the parole laws. Randell's first point of error is overruled.

■ Because it also involves jury argument, we will next consider Randell's third point of error. In his third point, Randell complains of the following jury argument at the punishment phase of trial:

[Prosecutor]: You know, Ladies and Gentlemen, I'm asking you to be tough today. And ordinarily, a jury's job when they assess punishment is a hard job. You know, it's not that easy to be on a jury, I admit to you, but your job is not that hard today. I submit to you because of this State's exhibit here, this previous conviction. Take that back with you and look at it in the jury room. You are entitled to take the exhibit back with you to the jury room.

*You read all the time in the newspapers that says—*

[Defense counsel]: Your Honor, we are going to object to him testifying as to him trying to show evidence that's not in here regarding newspapers.

The Court: I'll overrule your objection. You may proceed.

[Prosecutor]: Thank you, Your Honor.

*You read, well, jury did this or prosecutor did this.* You know, why did they do that? You know, there's not an explanation. Well, you're the "they" now. You're that jury. When you come up here and sit in these 12 chairs, you are performing an important function for the simple fact that you're the conscience of the community. You were those 12 citi-

zens that were—came into this task and set standards. (emphasis added)

The Court of Criminal Appeals has approved a similar jury argument as a proper plea for law enforcement, not resting "upon such an allusion of fact outside the record as to call for reversal." *Minafee v. State*, 482 S.W.2d 273, 276 (Tex.Crim.App. 1972); *see also Huff v. State*, 660 S.W.2d 635 (Tex.App.—Corpus Christi 1983, pet. ref'd). The State's reference to what the jury might have read in the newspapers was broad and generic—"jury did this or prosecutor did this"—and did not inject any new facts harmful to the accused. Randell's third point of error is overruled.

In his second point of error, Randell contends that the trial court erred in failing to disqualify the Hale County District Attorney's Office from representing the State. The District Attorney was personally called to testify concerning Randell's prior conviction, but was withdrawn as a witness following Randell's objection. Calling the District Attorney to testify is claimed to be a violation of Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Texas Code of Professional Responsibility) DR 5–102(A), found in the appendix immediately following Tex.Gov't Code Ann. § 82.064 (Vernon 1988). That disciplinary rule provides as follows:

> (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

At trial, Randell pleaded "not true" to the enhancement allegations of the indictment. The assistant district attorney originally planned to call the District Attorney to testify concerning Randell's prior conviction, but instead called an investigator from the District Attorney's Office. The investigator identified Randell as the same person convicted in a prior case. Randell offered no evidence to rebut the investigator's testimony. Because DR 5–102(A) provides that a lawyer and his firm should withdraw from representation if he "ought to be called as a witness on behalf of his client," Randell argues that the Hale County District Attorney's Office should have been disqualified from representing the State.

The Code of Professional Responsibility may not be construed to conflict with the duties of a district attorney as prescribed by Tex.Code Crim.Proc.Ann. art. 2.01 (Vernon Supp.1989). *Burgett v. State*, 646 S.W.2d 615, 620 (Tex.App.—Fort Worth 1983, pet. ref'd). Purported ethical violations of a prosecutor should be dealt with by the administrative procedures specifically established to deal with such conduct. *Pannell v. State*, 666 S.W.2d 96, 98 (Tex. Crim.App.1984); *Holt v. State*, 683 S.W.2d 92, 93 (Tex.App.—Austin 1984, no pet.). Evidence obtained in violation of the Code of Professional Responsibility is still admissible at trial in a criminal case. *Pannell*, 666 S.W.2d at 98.

Calling the District Attorney to testify for the limited purpose of proving a prior conviction, when it was not obvious that his testimony would relate to a contested matter, did not present grounds for disqualification under the exception created by DR 5–101(B)(2). That disciplinary rule provides as follows:

> (B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
>
> \*     \*     \*     \*     \*     \*
>
> (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

The District Attorney's testimony would have related solely to a matter of formality for which there was no reason to believe

that substantial evidence would be offered in opposition. Indeed, Randell made no attempt to rebut the proffered evidence of his prior conviction. Under these facts, no grounds for disqualification have been presented. Randell's second point of error is overruled.

The judgment of the trial court is affirmed.