**Anne Elizabeth GOFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–098–CR.**

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Discretionary Review Refused Nov. 21, 1990.

Charles R. Kimbrough, Lockhart, for appellant.

Jeffrey L. Van Horn, Crim. Dist. Atty., Lockhart, for appellee.

Before POWERS, JONES and ONION *, JJ.

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003 (1988).

JONES, Justice.

A jury convicted appellant, Anne Elizabeth Goff, of the misdemeanor offense of driving while intoxicated and assessed punishment at six months confinement and a $2,000 fine. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Supp.1990). In one point of error, appellant argues that the trial court erred in overruling her objection to a portion of the State's jury argument. We will affirm the trial court's judgment.

During final argument at the guilt/innocence phase of appellant's trial, the prosecutor made the following argument:

> She almost ran over a trooper, she swerved several times down the road, she ignored warning signals to stop by the police, she was arrogant, she was abusive, she was defiant to police authorities, she remarked to Officer Culpepper that she had the right to drive drunk if she wanted to, that it wasn't right that they stopped her from doing what she wanted to do.
>
> And when Trooper Culpepper reminded her of the other cars on the road, what was her response? "Well, they will just have to get out of my way." *If you want to find somebody like this innocent of the charge, you may do it, but you will have to explain your actions to the community.* Thank you.

(Emphasis added.) Appellant's counsel objected that the emphasized portion of this argument was improper because it was designed to induce the jury to convict appellant based on public or community sentiment. The trial court overruled the objection.

An argument designed to induce the jury to convict an accused or assess a particular punishment based upon community sentiment has long been held to be improper. *Cortez v. State*, 683 S.W.2d 419, 420 (Tex. Cr.App.1984) ("Now, the only punishment that you can assess that would be any satisfaction at all to the people of this county would be life."); *Prado v. State*, 626 S.W.2d 775, 776 (Tex.Cr.App.1982) ("There are over a million people that stand between him and the penitentiary. They'd want him to go there if they knew what he did."); *Pennington v. State*, 345 S.W.2d 527, 528 (Tex.Cr.App.1961) ("The people of Nueces County expect you to put this man away."); *Cox v. State*, 247 S.W.2d 262, 263 (Tex.Cr.App.1952) ("The people of De Soto are asking the jury to convict this defendant."); *Porter v. State*, 226 S.W.2d 435, 436 (Tex.Cr.App.1950) ("The people of this community expect you to put this man away, and the only way you can do it is to send Willie Porter to the electric chair."); *Peysen v. State*, 124 S.W.2d 137, 138 (Tex. Cr.App.1939) ("I tell you the people of Matagorda and Jackson Counties are expecting you to do your duty in this case and assess the defendant's punishment at death."); *Hazzard v. State*, 15 S.W.2d 638, 639 (Tex.Cr.App.1929) ("The will and wish of every law abiding citizen of Comanche wants a verdict of death."); *Woolly v. State*, 93 Tex.Crim. 384, 247 S.W. 865 (App. 1923) ("[T]he jury ought to convict appellant because the 'evidence warrants it, and because the people of Denison desire it.' "); *Kelley v. State*, 79 Tex.Crim. 362, 185 S.W. 570, 572 (App.1916) ("[T]he City of Dallas requires the execution of this defendant."). This type of argument is improper because it injects harmful facts from outside the record (the community's desires and wishes), and because it calls for the denial of the defendant's fundamental due process protection (a verdict based on emotion). *See Cortez*, 683 S.W.2d at 420–21.

However, not every reference to the community made in closing argument by a prosecutor constitutes an improper appeal to community desires. In the cases cited above, the prosecutor's error was in arguing that, *regardless of the evidence or the law*, the jury should convict the particular defendant because the community desired it. However, when the prosecutor has argued that the community desires a more generic result—e.g., law enforcement or a rational verdict (i.e., one that can be explained or one that the jurors could be proud of)—the argument has been approved. *See Bell v. State*, 724 S.W.2d 780, 801–02 (Tex.Cr.App.1986) ("[R]emove yourself [mentally] to your home and think about you talking to your friends and your neighbors ... and remember and think

about how they will ask you at the end of [the] case when it's all over."); *Whittington v. State*, 580 S.W.2d 845, 847 (Tex.Cr. App.1979) ("After you leave this trial, your friends and your neighbors are going to ask you what happened.... [Y]ou will want to give them an answer you can be proud of, that your friends and neighbors can be proud of."); *Horn v. State*, 505 S.W.2d 269, 270 (Tex.Cr.App.1974) ("Just remember that there are a lot of people that are going to be waiting to see what this jury does about this case."); *Hendrix v. State*, 474 S.W.2d 230, 233 (Tex.Cr.App. 1971) ("[I]f the jurors turn a guilty man loose ... 'people talk about it, you hear the hue and cry everywhere....'"); *Pearl v. State*, 63 S.W. 1013, 1017 (Tex.Cr.App. 1901) ("Return a verdict in this case that will be approved by the good citizens of Brown county."); *Coons v. State*, 758 S.W.2d 330, 338 (Tex.App.1988, pet. ref'd) ("How could you explain to another citizen, anyone who you respect in this court, how you gave this creature anything less than life in prison, $10,000 fine and 20 years and a $10,000 fine?").

In *Faubion v. State*, 282 S.W. 599 (Tex. Cr.App.1926), the Court of Criminal Appeals held that reversal was not required where the prosecutor argued to the jury "that they had the power to acquit the defendant, but that he, the district attorney, did not think they had any legal or moral right to do so, and, if they did so, *he asked them what legal or reasonable explanation they could give anybody for so doing.*" (Emphasis added.) We interpret *Faubion* to mean that an argument that a verdict other than guilty would be so contrary to the evidence that it would be irrational or unexplainable—in combination, perhaps, with the express or implied argument that the community desires rational verdicts—would not be improper, even though it could be construed to imply indirectly that the community desired a conviction. Viewed in this light, arguing that a community wants a conviction because it is the only rational verdict based on the evidence is simply a variation on the traditional plea for law enforcement.

We agree with Judge Clinton's concurrence in *Whittington* that in making a "render-a-verdict-you-can-be-proud-of" argument, the prosecutor may actually be suggesting that the jurors react to an anticipated sense of shame upon returning to the community from rendering a verdict of not guilty. *Whittington*, 580 S.W.2d at 848 (Clinton, J., concurring). As Judge Clinton pointed out, however, the case law supports the conclusion that, regardless of this implication, an argument is not improper if it asks the jury to return a rational verdict or is an otherwise legitimate plea for law enforcement. The prosecutor's argument in the present case, while perhaps borderline, is closer to the cases in which the convictions have been affirmed than to those in which the convictions have been reversed.

In addition, although the prosecutor's argument here can be construed generally to imply that the jury should convict solely because the community desires a guilty verdict, it can also reasonably be construed to imply that the evidence of guilt is so overwhelming that any verdict other than guilty would be irrational and unexplainable. From a reading of the sterile transcription of the argument, without the benefit of the various intangible factors involved in the interpretation of oral speech, both implications seem plausible. In short, the prosecutor's statement does not *necessarily* contain an implication that the jury should disregard the evidence and convict because the community desires it. We may not assign to the statement a tainted meaning that it does not necessarily carry. *Cf. Gardner v. State*, 730 S.W.2d 675, 700 (Tex.Cr.App.1987) (prosecutor's comment should not be given an improper meaning unless such is 'a *"necessary* construction of the prosecutor's remark"—emphasis in original).

Accordingly, we conclude that the trial court did not err in overruling the objection to the argument. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.