Gilberto Cortez v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-333-CR

     GILBERTO CORTEZ,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 12th District Court
Madison County, Texas
Trial Court # 10,076
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      While serving time in prison for another offense, Gilberto Cortez was accused of assaulting
a prison guard. He was charged with, and convicted of, assault on a public servant. See Tex.
Pen. Code Ann. § 22.01(b)(1) (Vernon Supp. 2001). The trial court sentenced Cortez to eight
years in prison. On appeal, Cortez challenges the denial of a continuance, the admission of a
photograph, and the State’s argument to the jury. We affirm.

Continuance
      In his first issue, Cortez believes the trial court erred in denying a continuance during trial
due to an absent witness. He argues that Article 29.13 of the Code of Criminal Procedure
authorized his continuance during trial. See Tex. Code Crim. Proc. Ann. art. 29.13 (Vernon
1989). That article provides:
A continuance or postponement may be granted on the motion of the State or defendant
after the trial has begun, when it is made to appear to the satisfaction of the court that by
some unexpected occurrence since the trial began, which no reasonable diligence could
have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

Id. We review the trial court’s decision for an abuse of discretion. See Martinez v. State, 867
S.W.2d 30, 41 (Tex. Crim. App. 1993).
      On the first day of trial, Cortez informed the court that he had difficulty in serving a priest
who was present immediately prior to the altercation between Cortez and the prison guard. For
at least two or three weeks prior to the trial, counsel, through his investigator, had attempted to
locate the priest. The trial court issued a writ of attachment for the priest. The trial then began. 
On the second day of trial, Cortez advised the court that there was still no word on the location
of the priest. During this conversation, the district clerk noted that another writ of attachment had
been issued. At 1:30 p.m., at the end of the State’s case, the court recessed the trial until 9:00
a.m. the next morning to give the defense more time to locate the priest. At 9:00 a.m. the next
day, Cortez requested a continuance because the priest had not yet been located.
      Under the circumstances of this case, the unavailability of the priest was not an “unexpected
occurrence since the trial began, which no reasonable diligence could have anticipated,” and
Cortez was not “so taken by surprise that a fair trial” could not be had. See id.; Tex. Code
Crim. Proc. Ann. art. 29.13 (Vernon 1989). Cortez’s first issue is overruled.
Admissibility of Photograph
      In his second issue, Cortez contends that the trial court erred in admitting into evidence, a
photograph of him, over his objection. He argues that the State failed to establish the proper
predicate and that the probative value of the photo was outweighed by its prejudicial effect. 
      In his objection to the trial court, Cortez stated:
...But my objection is the picture that they’re about to use is a picture of him without him
having a shirt on, showing tattoos, which I think is prejudicial; and that I object to the
way of doing it by just using one picture of the defendant only, without using other
individuals.

At trial, Cortez did not argue improper predicate or relevancy of the evidence. Those arguments,
made for the first time on appeal, are not preserved for our review. Tex. R. App. P. 33.1.
      In addressing the remainder of his argument, the photo can be properly excluded under Rule
403 when "its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury...." Tex. R. Evid. 403. The Court of Criminal
Appeals has said that a Rule 403 analysis by the trial court should include, but is not limited to,
the following factors: (1) how probative is the evidence; (2) the potential of the evidence to
impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent
needs to develop the evidence; and (4) the proponent's need for the evidence. Reese v. State, 33
S.W.3d 238, 240-41 (Tex. Crim. App. 2000). The reviewing court should, using an abuse of
discretion standard, decide whether the trial court's determination was reasonable in view of all
relevant facts. Id. at 241.
      Cortez absented himself from the trial after jury selection. The State proffered the photo of
Cortez during the testimony of the victim, George White. Although identity had not been an issue
thus far in the trial, no State’s witness had the opportunity, in court, to identify Cortez as the
aggressor. Nothing patently offensive can be seen in the photo. It reflects a Hispanic male,
shirtless, with a tattoo on his chest of what appears to be a woman wearing a sombrero. The
photo was mentioned only briefly by the State when referencing Cortez’s stature.
      In view of all the relevant facts, the trial court’s decision to admit the photograph was not an
abuse of discretion. Cortez’s second issue is overruled.
Improper Jury Argument
      In his third issue, Cortez maintains that the trial court erred in overruling his objection to a
portion of the State’s jury argument. During close of his jury argument, the prosecutor stated:
Now that’s your choices. Who are you going to believe? Who are the credible witnesses
in this case? And you are the sole judges of that. And you’re the sole repository of how
the law is going to be viewed in this community, how the law is going to be enforced,
how these people in the prison system are going to be supported by this community, the
people that we send out there to guard these prisoners.

Cortez’s counsel objected to this argument. Cortez contends on appeal that the State was
improperly inducing the jury to convict because “the people” desired a conviction. The State
contends that the argument was a permissible plea for law enforcement. We agree with the State.
      Jury arguments are proper if they fall within the following four categories: (1) summation of
the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing
counsel, and (4) plea for law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim.
App. 1997); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973); Carlock v. State,
8 S.W.3d 717, 723 (Tex. App.—Waco 1999, no pet.). An argument designed to induce the jury
to convict an accused or assess a particular punishment based upon community sentiment is
improper. See Cortez v. State, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984); Pennington v.
State, 345 S.W.2d 527, 528 (Tex. Crim. App. 1961); Goff v. State, 794 S.W.2d 126, 127 (Tex.
App.—Austin 1990, pet. ref’d). However, an argument is not improper if it asks the jury to return
a rational verdict or is otherwise a legitimate plea for law enforcement. Goff, 794 S.W.2d at 128. 
See also Decker v. State, 717 S.W.2d 903, 908-09 (Tex. Crim. App. 1986); Horn v. State, 505
S.W.2d 269, 270-271 (Tex. Crim. App. 1974).
      The State’s argument did not attempt to commit the jury to a specific verdict due to the desires
of the community. It was nothing more than a plea for law enforcement. The trial court did not
err in overruling Cortez’s objection. His third issue is overruled.
Conclusion
      Having overruled all the issues for review, the judgment of the trial court is affirmed.
 
                                                                               TOM GRAY
                                                                               Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 21, 2001
Do not publish