COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-251-CR

JOSEPH RANDAL ABBITT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Appellant Joseph Randal Abbitt appeals his conviction for indecency with a child.  In three points, he contends that the trial court erred by permitting the prosecutor to make improper arguments to the jury.  We affirm.

Appellant was charged with three counts of indecency with a child and one count of aggravated sexual assault.  Complainant  is appellant’s niece and was eleven years old at the time of the offense.  She testified that appellant touched her breasts and genitals on numerous occasions and forced her to touch his penis at least one time during the course of a year.  She also testified that she ultimately reported the abuse because she was afraid that appellant might abuse his daughter, A.A., who was three years old at the time of the report.  A jury convicted appellant on all three counts of indecency with a child and assessed his punishment at three concurrent four-year sentences.  The trial court sentenced him accordingly.  

Appellant asserts that the trial court erred by overruling his objections to the prosecutor’s closing argument during the punishment phase of his trial because the prosecutor improperly suggested that appellant had committed other bad acts based on facts outside the record, and because he improperly pressured the jury to make its decision based on the desires of the community. 

In discussing the appropriate sentence the jury should give appellant, the prosecutor made the following argument:

[Prosecutor]:  At the minimum, you should at least allow [complainant] the freedom to get to the age of 21 without worrying about bumping into [appellant].  That’s nine years, the minimum.  I would suggest to you that you should be worried about [A.A.] --

[Defense Counsel]: Objection, Your Honor.  That’s highly inappropriate and injecting facts not in the case.  

. . . .

[Defense Counsel]: It’s outside the record.   

The trial court overruled the objection.  The prosecutor then continued his argument, without objection, as follows:

[Prosecutor]:  You can consider the safety of others when you assess punishment for [appellant].  Removing him from society will protect other people, and one of those people that you can consider protecting is his daughter, because if he will take advantage of [complainant], he certainly will take advantage of others.  And what’s going to stop him from taking advantage of her?  She is three.  

Appellant contends that the argument that the  jury “should be worried about [A.A.]” was improper because it injected facts outside the record and suggested that appellant had abused A.A.
(footnote: 2)   

To be permissible, jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
(footnote: 3)  If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.
(footnote: 4) 

Generally, the jury is entitled to consider testimony admitted at guilt-innocence when assessing a defendant’s punishment.
(footnote: 5)  Argument is permissible if it draws from the facts in evidence inferences which are reasonable, fair, and legitimate, but impermissible if it places before the jury, either indirectly or directly, evidence which is outside the record.
(footnote: 6)  The State may, however, permissibly argue that a defendant may commit the same offense again in the

future.
(footnote: 7)  Such an argument does not ask the jury to punish for unproven crimes, but is a valid plea for law enforcement.
(footnote: 8)
 In this case, by telling the jury that they “should be worried about [A.A.],”  the prosecutor was simply suggesting that appellant might abuse A.A. in the future based on the evidence that appellant had abused complainant in the past.  He did not allege that appellant had committed an extraneous act with A.A., nor did he add inferences or new, harmful facts that were not already before the jury at guilt-innocence.
(footnote: 9)  Therefore, we hold that the prosecutor’s argument was both a reasonable deduction from the evidence and a permissible plea for law enforcement.  
We overrule appellant’s first and second points. 

In his third point, appellant asserts that the trial court erred by permitting the prosecutor to pressure the jury to decide his sentence based on the desires of the community. 
  The complained-of argument is as follows:

[Prosecutor]:  You know the difference between what probation is and what pen time is.  Probation is you are not in prison.  You have rules, you have regulations, sure, but you are out in the community, and so that member of the community will ask you what did you do?

[Defense Counsel]:   Your Honor, I object to this.  It goes beyond a plea for law enforcement. 

Appellant’s objection was overruled, and the prosecutor concluded his argument, stating, “20 [years] would be a good response to your fellow community members that that’s what you did about this child molester.”

It is well-settled that an argument stating that the community desires a rational verdict, a verdict that the jurors can be proud of, or one that can be explained to the community is a permissible plea for law enforcement.
(footnote: 10)  By asking the jury to consider that “[a] member of the community will ask you

 what did you do?,” the prosecutor in this case was making a permissible plea for law enforcement.
(footnote: 11)  
We overrule appellant’s third point.
 

  
 Having overruled appellant’s points, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant also complains about a statement the prosecutor made during voir dire and about the complainant’s testimony that she told her father and stepmother about the abuse because she was scared appellant would hurt A.A.  These complaints are forfeited because appellant did not object to the argument or the testimony at trial.  
See 
Tex. R. App. P.
 33.1(a).

3:
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

4:
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

5:
Duffy v. State
, 567 S.W.2d 197, 208 (Tex. Crim. App.), 
cert. denied, 
439 U.S. 991 (1978);
 Allen v. State
, 47 S.W.3d 47, 50 (Tex. App.—Fort Worth 2001, pet. ref’d);
 Ashcraft v. State
, 934 S.W.2d 727, 740 (Tex. App.—Corpus Christi 1996, pet. ref’d).

6:
Borjan v. State
, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990); 
Jordan v. State
, 646 S.W.2d 946, 948 (Tex. Crim. App. 1983).

7:
See Starvaggi v. State
, 593 S.W.2d 323, 328 (Tex. Crim. App. 1979), 
cert. denied,
 488 U.S. 907 (1980); 
see also Asay v. State
, 456 S.W.2d 903, 905-06 (Tex. Crim. App. 1970); 
Parks v. State
, 843 S.W.2d 693, 696 (Tex. App.—Corpus Christi 1992, pet. ref’d) (holding that it is a permissible plea for law enforcement for the State to argue for a long period of imprisonment to keep the defendant from committing future similar crimes).

8:
See
 
Starvaggi
, 593 S.W.2d at 328; 
Watson v. State
, 760 S.W.2d 756, 760 (Tex. App.—Amarillo 1988, pet. ref’d).

9:
See Randell v. State
, 770 S.W.2d 644, 647 (Tex. App.—Amarillo 1989, pet. ref’d) (stating that where a prosecutor’s argument did not inject any new facts outside the record that were harmful to the accused, the argument was not improper).  

10:
See Bell v. State
, 724 S.W.2d 780, 801-02 (Tex. Crim. App. 1986), 
cert. denied,
 479 U.S. 1046 (1987); 
Whittington v. State
, 580 S.W.2d 845, 847 (Tex. Crim. App. 1979); 
Goff v. State
, 794 S.W.2d 126, 127 (Tex. App.—Austin 1990, pet. ref’d)
.

11:
See Bell
, 724 S.W.2d at 801-02; 
Whittington
, 580 S.W.2d at 847; 
Goff
, 794 S.W.2d at 127.  The prosecutor did not argue, as appellant asserts, that the community demanded a particular punishment in this case.  
See 
Cortez v. State
, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984)
 (holding that a prosecutor’s argument is improper when it induces the jury to reach a particular verdict based on the demands of the community by injecting harmful facts from outside the record).  Even if a portion of the prosecutor’s argument could be interpreted as stating that the community expected a twenty-year sentence, appellant did not object to that portion of the argument.  Therefore, his complaint is forfeited.  
See 
Tex. R. App. P.
 33.1(a).