COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-251-CR

 

 

JOSEPH RANDAL ABBITT                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1] 

 

                                              ------------

Appellant Joseph Randal
Abbitt appeals his conviction for indecency with a child.  In three points, he contends that the trial
court erred by permitting the prosecutor to make improper arguments to the
jury.  We affirm.








Appellant was charged with
three counts of indecency with a child and one count of aggravated sexual
assault.  Complainant  is appellant=s niece and was eleven years old at the time of the offense.  She testified that appellant touched her
breasts and genitals on numerous occasions and forced her to touch his penis at
least one time during the course of a year. 
She also testified that she ultimately reported the abuse because she
was afraid that appellant might abuse his daughter, A.A., who was three years
old at the time of the report.  A jury
convicted appellant on all three counts of indecency with a child and assessed
his punishment at three concurrent four-year sentences.  The trial court sentenced him
accordingly.  

Appellant asserts that the
trial court erred by overruling his objections to the prosecutor=s closing argument during the punishment phase of his trial because
the prosecutor improperly suggested that appellant had committed other bad acts
based on facts outside the record, and because he improperly pressured the jury
to make its decision based on the desires of the community. 

In discussing the appropriate
sentence the jury should give appellant, the prosecutor made the following
argument:

[Prosecutor]: 
At the minimum, you should at least allow [complainant] the freedom to
get to the age of 21 without worrying about bumping into [appellant].  That=s nine years, the
minimum.  I would suggest to you that you
should be worried about [A.A.] --

 

[Defense Counsel]: Objection, Your Honor.  That=s highly inappropriate and
injecting facts not in the case.  

 

. . . .

 

[Defense Counsel]: It=s outside the record.   








The trial court overruled the objection.  The prosecutor then continued his argument,
without objection, as follows:

[Prosecutor]:  You can consider the safety of others when
you assess punishment for [appellant].  Removing
him from society will protect other people, and one of those people that you
can consider protecting is his daughter, because if he will take advantage of
[complainant], he certainly will take advantage of others.  And what=s going to stop him from taking advantage of her?  She is three. 


Appellant contends that the argument that
the  jury Ashould be worried about [A.A.]@ was improper because it injected facts outside the record and
suggested that appellant had abused A.A.[2]   








To be permissible, jury argument must fall within one of
the following four general areas:  (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to argument of opposing counsel; or (4) plea for law enforcement.[3]  If a jury argument exceeds the bounds of
proper argument, the trial court=s erroneous
overruling of a defendant=s objection is not reversible error unless
it affected the appellant=s substantial rights.[4]


Generally, the jury is
entitled to consider testimony admitted at guilt-innocence when assessing a
defendant=s
punishment.[5]  Argument is permissible if it draws from the
facts in evidence inferences which are reasonable, fair, and legitimate, but
impermissible if it places before the jury, either indirectly or directly,
evidence which is outside the record.[6]  The State may, however, permissibly argue
that a defendant may commit the same offense again in the








future.[7]  Such an argument does not ask the jury to
punish for unproven crimes, but is a valid plea for law enforcement.[8]

In this case, by telling the
jury that they Ashould be
worried about [A.A.],@  the prosecutor was simply suggesting that
appellant might abuse A.A. in the future based on the evidence that appellant
had abused complainant in the past.  He
did not allege that appellant had committed an extraneous act with A.A., nor
did he add inferences or new, harmful facts that were not already before the
jury at guilt-innocence.[9]  Therefore, we hold that the prosecutor=s argument was both a reasonable deduction from the evidence and a
permissible plea for law enforcement.  We
overrule appellant=s first and
second points. 








In his third point, appellant
asserts that the trial court erred by permitting the prosecutor to pressure the
jury to decide his sentence based on the desires of the community.   The complained-of argument is as follows:

[Prosecutor]: 
You know the difference between what probation is and what pen time
is.  Probation is you are not in
prison.  You have rules, you have
regulations, sure, but you are out in the community, and so that member of the
community will ask you what did you do?

 

[Defense
Counsel]:   Your Honor, I object to
this.  It goes beyond a plea for law
enforcement. 

Appellant=s objection was overruled, and the prosecutor concluded his argument,
stating, A20 [years]
would be a good response to your fellow community members that that=s what you did about this child molester.@

It is well-settled that an
argument stating that the community desires a rational verdict, a verdict that
the jurors can be proud of, or one that can be explained to the community is a
permissible plea for law enforcement.[10]  By asking the jury to consider that A[a] member of the community will ask you

 








  what did you do?,@ the prosecutor in this case was making a permissible plea for law
enforcement.[11]  We overrule appellant=s third point. 

        Having overruled appellant=s points, we affirm the trial court=s judgment.  

PER CURIAM

PANEL A:   CAYCE,
C.J.; HOLMAN and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
November 9, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
also complains about a statement the prosecutor made during voir dire and about
the complainant=s
testimony that she told her father and stepmother about the abuse because she
was scared appellant would hurt A.A. 
These complaints are forfeited because appellant did not object to the
argument or the testimony at trial.  See
Tex. R. App. P. 33.1(a).





[3]Felder
v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert.
denied, 510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231
(Tex. Crim. App. 1973).





[4]Tex. R. App. P. 44.2(b); Martinez v. State,
17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[5]Duffy
v. State, 567 S.W.2d 197, 208 (Tex. Crim. App.), cert.
denied, 439 U.S. 991 (1978); Allen v. State, 47 S.W.3d 47, 50 (Tex.
App.CFort
Worth 2001, pet. ref=d);
Ashcraft v. State, 934 S.W.2d 727, 740 (Tex. App.CCorpus
Christi 1996, pet. ref=d).





[6]Borjan
v. State, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990); Jordan
v. State, 646 S.W.2d 946, 948 (Tex. Crim. App. 1983).





[7]See
Starvaggi v. State, 593 S.W.2d 323, 328 (Tex. Crim. App. 1979), cert.
denied, 488 U.S. 907 (1980); see also Asay v. State, 456 S.W.2d 903,
905-06 (Tex. Crim. App. 1970); Parks v. State, 843 S.W.2d 693, 696 (Tex.
App.CCorpus
Christi 1992, pet. ref=d)
(holding that it is a permissible plea for law enforcement for the State to
argue for a long period of imprisonment to keep the defendant from committing
future similar crimes).





[8]See Starvaggi,
593 S.W.2d at 328; Watson v. State, 760 S.W.2d 756, 760 (Tex. App.CAmarillo
1988, pet. ref=d).





[9]See
Randell v. State, 770 S.W.2d 644, 647 (Tex. App.CAmarillo
1989, pet. ref=d)
(stating that where a prosecutor=s argument did not inject any
new facts outside the record that were harmful to the accused, the argument was
not improper).  





[10]See
Bell v. State, 724 S.W.2d 780, 801-02 (Tex. Crim. App. 1986), cert.
denied, 479 U.S. 1046 (1987); Whittington v. State, 580 S.W.2d 845,
847 (Tex. Crim. App. 1979); Goff v. State, 794 S.W.2d 126, 127 (Tex.
App.CAustin
1990, pet. ref=d).





[11]See
Bell, 724 S.W.2d at 801-02; Whittington, 580 S.W.2d at 847; Goff,
794 S.W.2d at 127.  The prosecutor did
not argue, as appellant asserts, that the community demanded a particular
punishment in this case.  See Cortez
v. State, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984) (holding that a
prosecutor=s
argument is improper when it induces the jury to reach a particular verdict
based on the demands of the community by injecting harmful facts from outside
the record).  Even if a portion of the
prosecutor=s
argument could be interpreted as stating that the community expected a
twenty-year sentence, appellant did not object to that portion of the
argument.  Therefore, his complaint is
forfeited.  See Tex. R. App. P. 33.1(a).