Affirmed and Memorandum Opinion filed December 28, 2006








Affirmed and Memorandum Opinion filed December 28, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01243-CR

____________

 

W.C. McMULLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 1012361

 



 

M E M O R A N D U M   O P I N I O N

Appellant W.C. McMullin was convicted of indecency with a
child and sentenced to life in prison.  In four issues, he appeals his
conviction arguing: (1) the trial court erred in overruling his objection to
the prosecutor=s closing argument and (2) he received ineffective
assistance of counsel.  We affirm.

Factual and
Procedural Background








The complainant and her brother were visiting their aunt,
Tara Crooms, in early December 2004 for a Christmas party.  After the party,
the complainant=s parents had not picked up her and her
brother, so they fell asleep on the sofa in Crooms=s living room. 
Crooms and her family went to sleep at approximately 11:30 that night.  At
approximately 2:00 in the morning, one of Crooms=s children
awakened her, and Crooms walked through the living room to get the child some
juice.  When she entered the living room, she saw appellant, who was Crooms=s stepfather, and
the complainant lying on the floor under a blanket.  When appellant saw Crooms,
he threw the blanket off and ran into the bathroom.  Crooms testified that
appellant=s pants were down, and he tried to pull them up as he
ran to the bathroom.  Crooms questioned the complainant who told her that
appellant had touched her Aprivate part@ and had made her
touch his Aprivate part.@  Crooms called
the police, who arrested appellant for indecency with a child.  Appellant was
convicted, pleaded true to a prior conviction for indecency with a child, and
was sentenced to life in prison.

Improper Closing Argument

In his first issue, appellant contends the trial court
erred in overruling his objection to the following argument made by the
prosecutor during the guilt-innocence phase:

Now the question that you now have to ask yourself is when you leave
here when this case is over and you=re finally able to talk about this with your family, your
friends, your neighbors, your loved ones, and they ask you what kind of case
and you tell them the facts of the case, this is what [the complainant] told us
happened, this is what Tara saw, are you really going tell [sic] them that you
found him not guilty or B 

[Defense counsel]: Your Honor, I would object to the Prosecutor asking
for the jury to consider the effect upon other members in the community of
their decision.

[Prosecutor]: It=s a plea for law enforcement,
Judge.

THE COURT: Overruled.

 








Proper
jury argument must fall within one of the following four categories:  (1)
summation of the evidence, (2) reasonable deduction from the evidence, (3)
response to opposing counsel=s argument, or (4) plea for law enforcement.  Cooks v.
State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).  The State may not tell
the jury that the community expects a guilty verdict or a particular
punishment.  Cortez v. State, 683 S.W.2d 419, 420B21 (Tex. Crim. App. 1984); see
also Goff v. State, 794 S.W.2d 126, 127 (Tex. App.CAustin 1990, pet. ref=d) (stating an improper argument
results when the prosecutor suggests the community expects a conviction or
punishment regardless of the evidence or the law).  The State, however, may
argue the impact of the verdict on the community.  Borjan v. State, 787
S.W.2d 53, 56 (Tex. Crim. App. 1990). 

In Cortez,
the Court of Criminal Appeals set out an instructive list of arguments that had
been condemned by the court as pleas for the jury to follow community
sentiment:

AThe people of
De Soto are asking the jury to convict this defendant.@

AThe people of
this community expect you to put this man away, and the only way you can do it
is to send [the defendant] to the electric chair.@

AI tell you, the
people of Matagorda and Jackson counties are expecting you to do your duty in
this case and assess the defendant=s
punishment at death.@

ALook at this
courtroomBit is crowded with Polk County people, demanding the
death penalty for [the defendant].@

AThe people are
present in this courtroom to see that this defendant gets punished.@

AThere are over
a million people that stand between him and the penitentiary.  They=d want him to go there if they knew what he did.@

AThe people of
Nueces County expect you to put this man away.@

AThe jury ought
to convict the defendant because the people of Denison desire it.@

683 S.W.2d at 421
(internal citations omitted).








Not
every reference to the community necessarily constitutes an improper appeal to
community desires.  In the arguments noted to be improper in Cortez, the
prosecutors argued that the jury should convict the defendant because the
community desired it, regardless of the evidence or the law.  When the
prosecutor, as in this case, argues that the community desires a rational
verdict, or one for law enforcement, the argument is not improper.  See Goff,
794 S.W.2d at 127.  The prosecutor did not ask the jury to convict appellant
because the community desired it; therefore, the comments were a plea for law
enforcement and were proper jury argument.  We overrule appellant=s first issue.

Ineffective Assistance of Counsel

In his remaining issues, appellant contends he received
ineffective assistance of counsel because his trial counsel failed to object to
the prosecutor=s closing argument and certain punishment evidence
admitted during Tara Crooms=s testimony.

Standard
of Review

To prove ineffective assistance of counsel, appellant must
demonstrate that his counsel=s performance was deficient because it
fell below an objective standard of reasonableness, and there was a reasonable
probability that, but for counsel=s errors, the result
of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005).  Whether this standard has been met is to be judged by the
totality of the representation rather than by isolated acts or omissions of
counsel.  Rodriguez v. State, 899 S.W.2d 658, 665 (Tex. Crim. App.
1995).  Appellant must prove ineffectiveness by a preponderance of the
evidence.  Id.  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
Appellant has the burden to rebut this presumption by presenting evidence
illustrating why trial counsel acted in the way that he did.  Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  In the absence of
evidence regarding counsel=s reasons for the challenged conduct, the
record on direct appeal is simply undeveloped and cannot adequately reflect the
alleged failings of trial counsel.  Freeman v. State, 125 S.W.3d 505,
506 (Tex. Crim. App. 2003). 








Here, appellant did not allege ineffective assistance in a
motion for new trial, and the record contains no explanation for counsel=s conduct.  We may
therefore reverse only if Athe conduct was so outrageous that no
competent attorney would have engaged in it.@  Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  

Prosecutor=s Argument

In his second issue, appellant contends he received
ineffective assistance of counsel because trial counsel failed to object to the
following closing argument:

And, folks, you ought to know that he knew what was going on because as
soon as Tara walked in that room he jumped up, tried to put his pants on and
ran to the restroom.  If he didn=t know what was going on, why would he do that?  If he didn=t realize that was happening, why
would he do that?

And you know that that happened
because it is uncontroverted.  It is unquestioned.  You know it.  You know in
it [sic] your hearts and you know it in your minds.   

Appellant argues that the prosecutor=s argument was
objectionable because it was a direct comment on appellant=s failure to
testify.  A prosecutor=s comment on the defendant=s failure to
testify is manifestly improper argument.  Canales v. State, 98 S.W.3d
690, 695 (Tex. Crim. App. 2003).  When a defendant elects not to testify, his
silence is not a proper subject for either direct or indirect comment by the
prosecutor.  Dickinson v. State, 685 S.W.2d 320, 322 (Tex. Crim. App.
1984).  If the challenged remarks could have only been supplied by the
defendant, then such an argument is tantamount to a direct comment on the
defendant=s failure to testify, and the conviction must be
reversed.  Cook v. State, 702 S.W.2d 597, 599 (Tex. Crim. App. 1984).

The State=s closing argument neither directly, nor
indirectly, commented on appellant=s failure to
testify.  The argument was a response to appellant=s argument.  In
closing argument, appellant argued that any inappropriate touching was
accidental due to appellant=s level of intoxication:

You have a little girl sleeping on the floor with her grandfather and
maybe because he is so drunk some untoward touching does occur.  That=s a possibility.  The State has to
convince you beyond a reasonable doubt that it was his conscious intentional
desire.








The
prosecutor responded to appellant=s theory by
pointing out that appellant had not controverted the act, but merely his
intent.  Response to opposing counsel=s argument is a
permissible area of jury argument.  Canales, 98 S.W.3d at 695. 
Therefore, because the prosecutor=s argument was
permissible, counsel did not render ineffective assistance in failing to object
to it.  We overrule appellant=s second issue.

Punishment
Evidence

In his third issue, appellant contends he was denied his
right to effective assistance of counsel when trial counsel failed to object to
punishment evidence from Tara Crooms that was outside her personal knowledge. 
On redirect examination, the State asked Crooms whether she knew appellant had
been convicted of indecency with a child in 1989.  Crooms answered that she did
not know about it until the detective on this case performed a background check
and told her about it.  Crooms then testified as follows:

Q. [by the State]: So the indecency with a child that he went to prison
for in `89, the victim in that case, was that a family member of y=all=s or do you know?

A.  I=m thinking.  I=m guessing it maybe was his first
daughter.  That=s what I=m thinking.  

Q.  Do you know the name ALakiesha Sams@?

A.  Yes, sir, I think that=s his stepdaughter=s niece or aunt.  

Appellant contends trial counsel erred in failing to object
to Crooms=s testimony on the ground that she did not have
personal knowledge of the facts.  Rule 602 prohibits a witness from testifying
to a matter unless evidence is introduced sufficient to support a finding that
the witness has personal knowledge of the matter.  Tex. R. Evid. 602.  In this case, the State established that
Crooms learned of the previous conviction from the detective in charge of this
case.  She did not testify to facts that were not within her personal
knowledge.  She stated that she was Athinking@ she knew the
victim was appellant=s first daughter, but did not state she
knew that fact.  








Appellant contends he was harmed by appellant=s failure to object
because, through Crooms=s testimony, the State was permitted to
introduce details of an extraneous offense.  At the punishment phase, evidence
may be offered as to any matter the court deems relevant to sentencing,
including evidence of any other extraneous crime or bad act that is shown
beyond a reasonable doubt to have been committed by the defendant regardless of
whether he has previously been charged or finally convicted of the crime or
act.  Tex. Code Crim. Proc. Ann.
art. 37.07 ' 3(a).  Crooms=s testimony about
the details of the offense was admissible, and trial counsel did not render
ineffective assistance by failing to object.  See Yates v. State, 917
S.W.2d 915, 921 (Tex. App.CCorpus Christi 1996, pet. ref=d) (holding that
because article 37.07 ' 3(a) provides for the admission of
details of prior offenses, counsel did not render ineffective assistance in
failing to object to the admission of such details).  We overrule appellant=s third issue.

In his fourth issue, appellant contends he was denied
effective assistance of counsel because trial counsel failed to object to
extraneous victim impact testimony.  During the punishment phase, Tara Crooms
testified that appellant had sexually abused her from the age of seven until
she was a senior in high school.  Crooms also testified as to how her life had
been affected by the abuse she suffered and the abuse suffered by the
complainant.  

Victim impact evidence is generally admissible at the
punishment phase when that evidence has some bearing on the defendant=s personal
responsibility and moral culpability. Salazar v. State, 90 S.W.3d 330,
335 (Tex. Crim. App. 2003).  Because it is irrelevant, victim impact evidence
with respect to a victim not named in the indictment is not admissible.  Haley
v. State, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005).  Evidence of the
impact of appellant=s abuse of the complainant was admissible,
but Crooms=s testimony about the impact of appellant=s abuse on her was
inadmissible.  Crooms=s testimony about the impact of appellant=s abuse on her
life was intertwined with her testimony about the impact of appellant=s abuse on the
complainant.








Although counsel failed to object to inadmissible evidence,
there may have been strategic reasons for not objecting to the admission of
Crooms=s testimony.  We
may not, however, speculate on counsel=s motives in the
face of a silent record.  See Thompson, 9 S.W.3d at 814.  We cannot say
that, in failing to object to Crooms=s testimony, trial
counsel=s conduct was Aso outrageous that
no competent attorney would have engaged in it.@  See Garcia,
57 S.W.3d at 440.  We overrule appellant=s fourth issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 28, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).